WILLIAM J. LODER v. HAMILTON LITTLEFIELD.

*Attachment—Non-residence.*

One who stays most of his time in this State, but claims that his home is in another State from which he came, and where his wife lives, and who frequently visits and lives with her, is a non-resident subject to attachment.

Certiorari to William Hemingway, Circuit Court Commissioner for Lapeer county.  Submitted October 16. Decided October 31.

*Geer & Williams* for plaintiff in certiorari.  The owner-

ship of property is not sufficiently averred by one who seeks the dissolution of an attachment, in the expression that some of his property was attached, *Osborne v. Robbins*, 10 Mich., 277; mortgages stating the residence of the mortgager are competent evidence, in connection with his admissions, to show where his residence is, *Smith v. Croom*, 7 Fla., 161; so is the fact of his voting in a certain place, *Kellogg v. Oshkosh*, 14 Wis., 628; *Shelton v. Tiffin*, 6 How., 185; *High, appellant*, 2 Doug. (Mich.), 525; the remedy by attachment against a non-resident is not suspended by his accidental or transient residence within the State, nor by his "commercial domicile" in it while his "personal domicile" is in another state, Drake on Attachment, § 67; *Jackson v. Perry*, 13 B. Mon., 231; *Greene v. Beckwith*, 38 Mo., 384; *Burcalow v. Trump*, 1 Houst., 363; *Barry v. Bockover*, 6 Abb. Pr., 374; *Lee v. Stanly*, 9 How. Pr., 272; *Houghton v. Ault*, 16 How. Pr., 77; *Chaine v. Wilson*, 1 Bosw., 673; *Murphy v. Baldwin*, 41 How. Pr., 270; *Wallace v. Castle*, 68 N. Y., 370; *Rayne v. Taylor*, 10 La. Ann., 726; "non-resident" means one who has his abode outside of the state, *Perrine v. Evans*, 35 N. J. L., 221; *Egan v. Lumsden*, 2 Disney (O.), 168; and see *Fisk v. Chic. & R. I. & P. R. R.*, 53 Barb., 472; *Campbell v. White*, 22 Mich., 178; *Hinds v. Hinds*, 1 Clarke, (Ia.), 36.

*W. W. & M. N. Stickney* and *S. B. Gaskill* for defendant in error. A man's residence is unchanged by the fact that his wife lives in another State, *Hackettstown Bank v. Mitchell*, 4 Dutch., 516; one may have a residence which is not his legal domicile, *Foster v. Hall*, 4 Humph., 346; *Thompson's Case*, 1 Wend., 43.

GRAVES, J. This is a certiorari to a circuit court commissioner to review his decision on an application to dissolve an attachment.

February 7th, 1878, Loder sued out an attachment from the circuit court against Littlefield on an affidavit

of Littlefield's non-residence in the State. Littlefield subsequently applied to dissolve the attachment on the claim that the representation made in the affidavit, of his being a non-resident was not true, and the commissioner thereupon cited Loder to show cause against the application. The parties attended before the commissioner pursuant to the citation and order for hearing, and respectively made proofs, and the commissioner upon final hearing determined in favor of the application and made an order for the dissolution of the attachment.

The result depended upon whether it was shown that the affidavit in attachment was well grounded in its statement respecting Littlefield's non-residence, and we think the commissioner erred in holding that the facts were insufficient.

It was admitted by all that Littlefield formerly resided in New York and there was not only a lack of substantial and necessary facts to make out that he had discontinued his residence there and had established one here, but facts were adduced which amounted to affirmative proof that no real change of residence had taken place.

In saying this we of course confine ourselves to the case in the record and do not mean that a state of facts leading to a different opinion might not possibly be shown.

The proof was positive that he had declared to various persons that his home was in New York, and it was likewise proved that he had registered himself at the hotel as a resident of New York. He testified that his wife owned a house there and that there was her home; that there was no difficulty whatever between them; that he pays her visits from time to time and then lives with her in the same house where she has her home and cohabits with her as her husband. His own statements show that such has been the case for years. There is no occasion to refine upon this case. It is impossible to reconcile defendant's explanations with the

conclusion that he has become a resident of this State.

The order made by the commissioner must be quashed, with costs against Littlefield.

The other Justices concurred.