ANDRUS EVELAND v. SAMUEL M. STEPHENSON ET AL.

*Equity pleadings—Bill must be signed—Effect of demurrer—Bill of review or for rehearing.*

A bill in equity, if not signed in person or with the responsible signature of counsel, appended by himself or by some authorized representative, may be stricken from the files. A printed signature is not good.

An objection to the sufficiency of a pleading only admits the facts stated for the temporary purpose of the pending suit.

Any bill whose main purpose is to obtain a new hearing of a controversy already decided, either on questions of law or on the same or additional testimony, is a bill of review or in the nature of a bill of review, even though it involves matters of supplement or revivor or other additional elements.

E. filed a bill to assure his title to land recovered from him by H. in a previous suit; he asked also that the former decree be declared void or that a rehearing be allowed on the grounds that false testimony had been given in the previous suit,—that after the decree both parties had agreed to a settlement, but that H. had repudiated the bargain when it was too late for E. to appeal,—and that there was newly discovered evidence. *Held*, that this was merely a bill for a rehearing, and that not being sworn to, it could not stand as a petition for a rehearing under Chancery Rule 81.

A bill to enforce an agreement involving an interest in land is demurrable if it appears that the agreement is void under the statute of frauds; and even if it does not appear, the defect is involved in the case. But the defense may be lost by not insisting on it.

A bill in equity is not necessary to reach a reversion of land in which another person has held a life estate which has run out.

Appeal from Menominee. Submitted January 14. Decided January 26.

BILL to vacate decree or for rehearing. The bill was stricken from the files in the lower court. Complainant appeals.

*Thos. B. Rice, L. F. Frisby* and *E. P. Smith* for complainant. A bill in chancery lies to set aside a decree for fraud: Willard's Eq. Jur. 160; Adams' Equity 416, 419–20;

Lube's Eq. Pl. 177; 1 Story's Eq. Jur. § 252; Kerr on Fraud 293; see *Huebschman v. Baker* 7 Wis. 542; *Jilsun v. Stebbins* 41 Wis. 235; *Loomer v. Wheelwright* 3 Sandf. Ch. 135; *Monell v. Lawrence* 12 Johns. 521; *Reigal v. Wood* 1 Johns. Ch. 402; *Campau v. Van Dyke* 15 Mich. 371; *Stowell v. Eldred* 26 Wis. 504; *Blakesley v. Johnson* 13 Wis. 530; *Merritt v. Baldwin* 6 Wis. 439; *Barber v. Rukeyser* 39 Wis. 590.

*B. J. Brown* and *H. O. Fairchild* for defendants. A bill to impeach a decree for fraud is essentially a bill of review or in that nature: *Mussel v. Morgan* 3 Br. Ch. 74; *Exp. Smith* 34 Ala. 455; *Frost v. Myrick* 1 Barb. 362; *Edmondson v. Moseby's heirs* 4 J. J. Marsh. 497; *Hollingsworth v. M'Donald* 2 Har. & J. 230; *Singleton v. Singleton* 8 B. Mon. 340; relief may be given on the ground of fraud when it consists in something unknown to the opposite party at the time the decreee was procured: 1 Story's Eq. Jur. § 252a; *Patch v. Ward* L. R. 3 Ch. App. 203; *Ross v. Wood* 70 N. Y. 8; or where the fraud affects the merits, in which case, if the decree is reversed, the party is entitled to a rehearing; newly discovered evidence may be considered on a motion for rehearing: *Sheldon v. Hawes* 15 Mich. 519; *Maynard v. Pereault* 30 Mich. 160; an original bill to impeach a decree for fraud cannot be joined to a bill of review: *Berdanatti v. Sexton* 2 Tenn. Ch. 704; *Hart v. McKeen* Walk. Ch. 417; on a bill of review the cause must be tried on the original record and pleadings: *Perry v. Goodwin* 6 Mass. 498; *Swett v. Sullivan* 7 Mass. 342; *Hart v. Johnson* id. 471; an order, if correct, will not be reversed for being founded on a mistaken theory: *Wellover v. Soule* 30 Mich. 481; *Ormsby v. Barr* 22 Mich. 80; *Witherbee v. Supervisors* 70 N. Y. 228.

CAMPBELL, J. The bill in this cause, having been filed in the circuit court for the county of Menominee, was dismissed on motion, as being in fact a bill for the purpose of reviving the decree in another suit decided in 1865, and as not having been authorized by leave of the court, or by other prerequisites which must be complied with before such a bill can be filed. Appeal is brought from the order of dismissal.

The bill, in addition to the points insisted on before the circuit judge, is neither signed nor verified. The only signatures found upon it are printed and not written. No bill can be regularly filed without being signed in person or by counsel. Under our practice every attorney is *ex officio* a counsellor, but unless a bill is actually signed by him in some capacity, by the responsible signature of himself or some authorized representative, it is irregular, and may be stricken from the files. 1 Hoffm. Ch. Pr. 97, and notes. The court below did not act upon this objection, and for other reasons we merely point it out as a matter of some importance.

All of the questions passed on by the circuit judge depend upon whether the bill is purely an original bill to set aside a decree for fraud, and not one involving the elements of one of the various forms of bills of review.

Before going further it is proper to refer very briefly to a ground taken by the appellant, whose counsel seems to think that by introducing one of the grounds of motion the rest were practically overruled, and grounds of relief so far admitted as to preclude any dismissal as equivalent to a decree on demurrer. The ground referred to by counsel was this : " *Fourth,* The bill of complaint herein is in form and substance a bill of review, or a bill in the nature of a bill of review, and states no case to entitle it to be treated as a bill to set aside or impeach a decree on the grounds of fraud."

We do not appreciate the force of this suggestion. It has never been supposed, and we are not prepared to hold, that a bad ground in a motion can hurt good grounds, or that an objection to the sufficiency of a pleading is for any but the temporary purpose of the particular hearing an admission that all it avers is true. The nature of the present controversy illustrates this very well. The rules do not allow a certain class of bills to be filed without leave. If so filed the practice has always authorized their summary removal from the files. How this can be done without inquiring into the nature and sufficiency of their allegations, it is difficult to imagine.

The complainant claims that this is a bill to set aside a

decree for fraud, and no more. The defense claims that its purpose is to obtain a new disposal of a controversy once decided.

We need not discuss the technical niceties in regard to the various kinds of bills of review, and bills in the nature of a bill of review. Any bill, the main purpose of which is to obtain a new hearing of a controversy already decided, either on questions of law or on the same or further testimony, belongs to one of these classes, although it may involve matters of supplement or revivor, or other additional elements. *Perry v. Phelips* 17 Ves. 174; *Bainbridge v. Baddeley* 2 Ph. 705. And as it is elementary law that a decree once granted is binding until set aside, the latter case, which is merely one out of very many, indicates that if the old decree could have been pleaded in bar to the new bill, if not referred to in it, the bill must of necessity be a bill of review, or in the nature of a bill of review.

The bill in the present cause recites at length a former cause where the bill was filed by one Jonathan C. Hall against complainant in this cause, to enforce an agreement whereby Hall was to have an interest in certain property entered in the land office at the Sault de Ste. Marie in the name of complainant and one Quimby, which had been put in complainant's name. Complainant now claims that this agreement, or as he claims it to have been, a resulting trust, was, if made, void under the statute of frauds.

It need not be remarked that if any such defect appeared on the face of the bill it might have been demurred to, and if not appearing, it was nevertheless involved in the case, so that Hall could not have recovered without either proof or some waiver of proof of a statutory right. It is also quite possible to lose such a defense by not insisting on it or bringing it before the court.

The bill thus shows that on the issues framed the case went to a hearing and decree, upon an answer putting everything in issue properly, and on all the evidence which diligence was able to obtain, and that the testimony of Hall and Quimby was all that Hall introduced that was material.

The decree gave Hall the land he asked for. Complainant now claims that this decree is bad and void for want of power in the court to give such relief, and also that it conveyed to Hall merely a life estate which has run out. It need not be suggested that if it really bore this remarkable construction—which it does not—there would be no occasion for this or any other bill to get the reversion.

Complainant avers that before the hearing, he was informed by his counsel that there was no possibility of his being defeated, or of Hall's getting a decree. This is one of the reasons he gives for not proceeding sooner to provide for emergencies; and that after the decree he took certain steps to consult with Mr. Cotton, a lawyer of another State, as to what had better be done, and that meanwhile he had an interview with Hall in which a certain division of lands was suggested, on which complainant desired to consult Mr. Cotton. That he afterwards, on Cotton's advice, accepted the proposition in writing, and Hall verbally assented and said he need take no further steps, but subsequently, and when too late to appeal, repudiated the bargain.

The remainder of the bill is devoted to excuses for delay, and contains statements of the discovery of various matters indicating that Hall and Quimby had sworn falsely, and also that Hall had by a general assignment negatived any right to sue for the land.

There are no other important averments, except as to changes in titles.

The bill asks relief on the merits to assure his title to the land, and that the decree may be declared void, or if not, that a rehearing may be had.

It appears, then, that the merits of the old controversy are the only matters involved in the present bill. The frauds complained of are false testimony alleged to have been given in that case, and the prevention of the appeal by putting complainant off his guard.

Reduced to its real meaning, this is nothing more nor less than an application to rehear a controversy on newly-discovered evidence, giving as an excuse for delay various good or

bad reasons why the application was not made sooner. The delay in appealing had no bearing on the question of falsehood in the evidence or newly-discovered evidence, and only bore on the propriety of a technical bill of review on the old record. But a rehearing on old or new testimony, or both, is the only thing involved in this bill. And had any other matter been mixed up with it, that could not have deprived the cause of this character.

As nothing appears under oath, it would be impossible to give this bill the quality of a petition, so that it might stand as an application under the rules. It is not of such a character that we should be disposed to give it any favor beyond what its technical shape requires.

It was properly dismissed. The order must be affirmed with costs.

MARSTON, C. J. and GRAVES, J. concurred.

COOLEY, J., did not sit in this case.