## WALKER *v.* LANSING & SUBURBAN TRACTION CO.

PARTIES—SUBSTITUTION—PLEADINGS—AMENDMENT.

In an action by a husband for damages occasioned by negligent injury of his wife and her consequent death, an amendment permitting him to recover as administrator of her estate is not permissible.

Error to Ingham; Smith (Stearns F.), J., presiding. Submitted June 12, 1906. (Docket No. 18.) Decided July 3, 1906.

Case by Charles H. Walker, administrator of the estate of Minnie M. Walker, deceased, against the Lansing &

Suburban Traction Company for the negligent killing of plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Reversed.

*Moore, Brown, Miller & Ladd*, for appellant.

*Frank L. Dodge* and *L. B. Gardner*, for appellee.

MOORE, J. Mrs. Walker, the wife of plaintiff, was, in February, 1905, a passenger on a car belonging to defendant company. It is plaintiff's claim that after descending from the car Mrs. Walker attempted to pass behind the car to reach the opposite side of the street, that without warning the car was backed, striking and severely injuring her, and that on the 17th of May following she died from the effects of said injury. The plaintiff commenced this action to recover damages for the loss of his wife. He recovered a judgment. The case is brought here by writ of error.

The errors assigned may be arranged into groups. It is the claim of defendant that it was not shown it was in any way responsible for the injury, and that a verdict should have been directed in its favor. We shall not attempt to recite the testimony, but there was evidence requiring the case to be submitted to the jury.

The second group of errors relates to the court's permitting an amendment to the declaration. The result of the amendment was to allow the plaintiff to appear in the action, not as an individual, entitled to the damages which he had sustained as the husband of decedent because of her injury and death, but as her personal representative, entitled to very different damages. The effect of the amendment was to permit Mr. Walker as an individual representing one cause of action to get out of court, and Mr. Walker as administrator representing an entirely different cause of action to get into court. This is not permissible. *People* v. *Judges of Washtenaw Circuit Court*, 1 Doug. (Mich.) 434; *People* v. *Wayne Circuit Judge*, 13 Mich. 206, and cases cited; *Hurst* v. *Rail-*

*way*, 84 Mich. 539; *Wood* v. *Insurance Co.*, 96 Mich.
437; *Angell* v. *Pruyn*, 126 Mich. 16, and the cases there
cited.

Judgment is reversed, and a new trial ordered.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ.,
concurred.