MOORE *v.* EPSTEIN.

1. VENUE—TORTS—CHANGE OF RESIDENCE—STATUTES.
    Married man living in his own home with his family in county of Wayne continued to be resident of said county within meaning of 3 Comp. Laws 1929, § 13997, requiring actions founded on wrongs to be commenced and tried in county where one of parties resides, although his employer gave him temporary employment in another county, where his family continued to live in home, he returned home two or three times a week, and there is no evidence of intention to reside elsewhere.

2. SAME—JURISDICTION—NONRESIDENTS.
    Motion to dismiss action for personal injuries on ground of lack of jurisdiction should have been granted, where neither party resided in county where action was commenced (3 Comp. Laws 1929, §§ 13997, 15504).

Appeal from Genesee; Black (Edward D.), J. Submitted April 21, 1932. (Docket No. 87, Calendar No. 36,016.) Decided June 6, 1932.

Case by Clarence C. Moore, by next friend, against Ben Epstein for personal injuries. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Bernstein & Bernstein* (*Carton, Gault & Parker*, of counsel), for plaintiff.

*Howard D. Brown* (*George H. Cary*, of counsel), for defendant.

CLARK, C. J. Plaintiff, a minor, riding a bicycle, suffered personal injuries in a collision with defendant's automobile, driven by him on a street in Detroit, Wayne county. Plaintiff, a resident of the county, brought suit in the circuit court thereof, as did also his father. Service was obtained on defendant without difficulty appearing of record. The father's suit went to trial and defendant prevailed. Defendant's assertion that his consent to discontinuance of the son's case was obtained by trick is not denied on this record.

Immediately, the suit of the minor, plaintiff here, was commenced again in the county of Genesee. Defendant moved to quash and to dismiss on the ground of lack of jurisdiction. 3 Comp. Laws 1929, § 13997:

"All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action."

The motion was denied and the question has been saved for review. 3 Comp. Laws 1929, § 15504. Plaintiff had verdict and judgment. Defendant has appealed.

The plaintiff resided in Wayne county. The accident happened there. If defendant was also a resident of Wayne, the action should have been commenced there under the statute.

Defendant's employer had given him temporary employment in Genesee. Defendant owned his home in Wayne, where he, his wife, and children resided. During the temporary employment, he returned to his home and family two or three times a week. There is no evidence of intention to reside elsewhere. Within the meaning of the statute, defendant was not a resident of Genesee. *Loder* v. *Littlefield,* 39 Mich. 512; note 26 A. L. R. 180; *Jacobson* v. *Wayne Circuit Judge,* 76 Mich. 234; *Haywood* v. *Johnson,* 41 Mich. 598.

Reversed, with costs, and remanded for dismissal.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.