MILES v. HARKINS.

1. EQUITY—REHEARING—JURISDICTION—FILING OF CLAIM OF APPEAL.
   A trial court has the discretion to grant an application for a rehearing on proper application and notice being given even after claim of appeal from the trial court's decree has been filed with such court (Court Rules Nos 48, 56, § 1 [1945]).

2. SAME—MODIFICATION OF DECREE—JURISDICTION—FILING CLAIM OF APPEAL—REHEARING.
   The trial court does not have jurisdiction to amend its original decree in a chancery case in a substantive way after claim of appeal therefrom has been filed with it and proper fee paid as required by law, where no application for rehearing has been made (Court Rule No 48 [1945]).

3. SAME—MODIFICATION OF DECREE—ORDER EXTENDING TIME—REHEARING—JURISDICTION—CLAIM OF APPEAL.
   Modification of decree, included in an order extending time for settlement of the case on appeal was without the jurisdiction of the trial court, where there was no application for rehearing, since the modification was made after claim of appeal had been filed with the trial court and the appeal fee paid (Court Rule No 48 [1945]).

Appeal from Washtenaw; McDonald (Archie D.), J., presiding. Submitted October 14, 1952. Docket No. 62, Calendar No. 45,605.) Decided January 5, 1953.

Suit by Linna M. Miles against Bernard E. Harkins and wife and City of Ann Arbor to abate a nuisance. Plaintiff appealed from decree entered. Motion

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 19 Am Jur, Equity § 417.

by plaintiff to strike part of order for extension of time to settle record. Motion denied. Plaintiff appeals. Reversed and remanded.

*Jacob F. Fahrner* (*Jacob F. Fahrner, Jr.,* of counsel), for plaintiff.

*Roscoe O. Bonisteel* and *Roscoe O. Bonisteel, Jr.,* for defendants.

Adams, J. This is an appeal from an order of the Washtenaw circuit court denying a motion to strike certain portions of an earlier order extending the time for settlement of a record on appeal.

Plaintiff and appellant herein brought a bill in equity against Bernard E. Harkins and Charlotte Harkins and the city of Ann Arbor, defendants and appellees herein, seeking to enjoin certain construction as being a nuisance. After a hearing on the merits of that bill, a decree was handed down. That decree read, in part:

"Defendant Bernard E. Harkins, * * * is hereby directed and commanded to abate and remove within 6 months from the date of this decree from its present location the said addition to the said dwelling house."

Plaintiff then filed a claim of appeal from that decree, paid the appeal fee, and gave notice thereof to defendant. Subsequently, plaintiff filed a motion to extend the time for settlement of the case on appeal. In granting this motion the trial court issued an order, the pertinent portions of which we quote:

"It is therefore ordered by the court now here that the time for the settlement of a case on appeal in said cause, be and the same is hereby extended for a period of 5 months from and after the 30th

day of November, 1951. *Provided should the appeal not be perfected during such time, and the time not further extended then the defendant shall have 6 months from the date the appeal is dropped to abate said nuisance."*

Following this order plaintiff made a motion to strike italicized portion of the order as being void, alleging that the trial court no longer had jurisdiction to insert such a provision in an order extending time to settle the case on appeal. Plaintiff's motion to strike was denied and from the order of denial this appeal is taken.

The sole question presented is whether the trial court had jurisdiction to insert the above italicized proviso. Court Rule No 56, § 1 (1945), provides as follows:

"Every appeal to the Supreme Court shall be taken by filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed, and paying the fee required by law for taking appeal. *The Supreme Court shall thereupon have jurisdiction of the case."* (Italics ours.)

The final amended decree from which the original appeal was taken was filed November 13, 1951. The order for extension of time in which to settle case containing the above-quoted provision was filed February 15, 1952. Under Court Rule No 48 (1945), the trial court had the discretion to grant a rehearing if it saw fit to do so on proper application and notice being given. We have many times held that Court Rule No 56, § 1, does not nullify Court Rule No 48, relative to the trial court's discretion to grant a rehearing. See *Michael McNamara Varnish Works, Inc.,* v. *McNamara Paint Products Co., Inc.,* 286 Mich 68; *Domboorajian* v. *Domboorajian,* 235 Mich 668; *Morgan* v. *Kloss,* 244 Mich 192.

However, since no application for rehearing was made, the trial court did not have jurisdiction to amend its original decree in a substantive way and, since it had no jurisdiction to do so directly, it could not accomplish the same result through indirection by inserting what amounted to a modification of the decree in an order extending time for settlement of the case on appeal. This is the only matter involved in this appeal, the appeal from the original decree not being before us.

The case will be remanded to the trial court with instructions to enter an order in accord with this opinion. No costs.

DETHMERS, C. J., and BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.