## SIMONELLI *v.* CASSIDY.

1. LIMITATION OF ACTIONS—STALE CLAIMS.
    A defendant has a right. to · be freed of stale claims and the jeopardy of fading memories, a point defined by the statute of limitations (CL 1948, § 609.18).

2. SAME—AMENDMENT OF PLEADINGS—NEW CAUSE OF ACTION—SUBSTITUTION OF ADMINISTRATOR OF WIFE'S ESTATE FOR HUSBAND.
    Motion to amend praecipe, summons and title of the case so that plaintiff would appear as administrator of the estate of his deceased wife instead of in his individual capacity, made

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Limitation of Actions § 10.
[2] 34 Am Jur, Limitation of Actions § 260.

after statute of limitations had run its course, introduced a new and different cause of action that was also barred by another statute and was properly denied (CL 1948, §§ 609.13; 609.18).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 6, 1955. (Docket No. 35, Calendar No. 46,604.) Decided December 1, 1955.

Case by Eleuterio Simonelli, administrator of the estate of Anna Simonelli, deceased, against William J. Cassidy for alleged malpractice. Case dismissed. Plaintiff appeals. Affirmed.

*Joseph A. Cassese* and *Willis C. Bullard,* for plaintiff.

*Moll, Desenberg, Purdy & Glover* and *Humphreys Springstun,* for defendant.

SMITH, J. The defendant is a doctor. Approximately 11 years ago, on December 29, 1944, he performed an operation upon Anna Simonelli, now deceased. The matters about to be discussed grew out of this operation.

Just prior to the running of the statute of limitations,* 2 suits were filed against the defendant. One of them was entitled Eleuterio Simonelli against William J. Cassidy. It was on the no progress docket for 14 months and on the pre-trial docket for 22 months, and was finally reached for trial approximately 8 years after the operation. The extended delays were not attributable to defendant. This case was dismissed on September 10, 1952, for failure to state a cause of action and the dismissal affirmed by this Court. *Simonelli* v. *Cassidy,* 336 Mich 635.

---

* CL 1948, § 609.13, subd 3 (Stat Ann 1941 Cum Supp § 27.605, subd 3).—REPORTER.

The other action mentioned above was commenced by plaintiff's wife, Anna, through her next friend. Mrs. Simonelli, however, passed away on March 14, 1951, and Eleuterio Simonelli, appointed administrator of her estate on October 10, 1951, was substituted as party plaintiff therein. An affidavit by plaintiff's counsel in the record of the case at bar states that "on September 10, 1952, said case was discontinued without prejudice under Michigan Court Rule No 38 (1945) by order of the Honorable Thomas J. Murphy."

It is against this background of litigation that we view the case now before us. On March 13, 1953, the present suit was instituted by praecipe and summons. It was entitled "Eleuterio Simonelli, Plaintiff, *v.* William J. Cassidy, Defendant." Appearance was entered promptly by defendant. There matters stopped. We commented in the prior Simonelli suit upon the extended delays "not attributable to defendant" found therein and we note in the case at bar a similar reluctance to press for trial. In May of 1954 the case appeared on the no progress docket because of the lack of a declaration. Petition to remove therefrom followed, to which objections were filed. We will not pursue the course of the pleadings in wearisome detail. The case is before us on a general appeal from orders of dismissal, and of denial of motion for rehearing, again by Judge Thomas Murphy. The orders came about in this way:

As we noted, this case was commenced on March 13, 1953, by praecipe and summons, being No 272-056. Dr. Cassidy was notified by the latter that a suit had been commenced against him "by Eleuterio Simonelli as plaintiff." It was, we note, the same party plaintiff who filed a petition to remove the cause from the no progress docket on May 5, 1954. Not until December 4, 1954 (when a petition was

filed to set aside an order of dismissal, for lack of progress, dated May 3, 1954) do we find the plaintiff described "Eleuterio Simonelli as administrator of the Estate of Anna Simonelli, Deceased, Plaintiff, v. Dr. William J. Cassidy, Defendant, No 272–056." The declaration in the cause, filed for the first time 3 days later, was also so entitled. Shortly thereafter, on December 14, 1954, plaintiff-appellant filed his motion to amend the praecipe, summons and title of the case so that the plaintiff will be set forth as "Eleuterio Simonelli as administrator of the Estate of Simonelli, Deceased," setting up as reason therefor his "inadvertence and mistake." Defendant-appellee seasonably objected upon the ground that "this case is *res judicata* and that any case which plaintiff attempts to bring under the name of Eleuterio Simonelli as administrator of the estate of Anna Simonelli, deceased, is barred by the statute of limitations." The motion to amend was granted by Judge Jayne, who also referred the matter for decision on the question of *res judicata* and the statute of limitations to Judge Thomas J. Murphy. As more fully stated by Judge Murphy in his opinion, "the question as to whether or not the amendment was barred by the statute of limitations was not decided by Judge Jayne, and I have taken the matter up with him and he has informed me that it was not his intention to decide that particular question and that his order does not do so."

We find nothing meritorious in plaintiff-appellant's reasons and grounds for appeal. It is high time that this litigation concerning alleged malpractice 11 years ago, which has been pursued with such lack of expedition, come to an end. A defendant has a right to be freed, eventually, of stale claims and the jeopardy of fading memories. That point, defined by our statute of limitations, has been reached. This is not, as plaintiff-appellant asserts, a matter

merely of nomenclature, but of substance. On that issue it would be a work of supererogation to add to the succinct holding of the learned trial judge who ruled as follows:

"Both sides agree that CL 1948, § 609.18 (Stat Ann § 27.610) applies. This provides that the action must be brought within 2 years after the granting of letters of administration, which in this case was October 10, 1951, so that after October 10, 1953, the statute of limitations had run, so if the amendment introduces a new cause of action it is barred by the statute of limitations.

"In my opinion the amendment constitutes a new cause of action. It allows Eleuterio Simonelli as an individual representing one cause of action to get out of court and Mr. Simonelli as administrator representing an entirely different cause of action to get into court. This is not permissible. (See *Walker* v. *Lansing & Suburban Traction Company,* 144 Mich 685; and *Cugell* v. *Sani-Wash Laundry Company,* 280 Mich 286.)

"Therefore, defendant's motion to dismiss is granted."

The order appealed from is affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.