## JANES *v.* HOPE EVANGELICAL UNITED BRETHREN CHURCH.

1. COURTS—COURT RULES—JURISDICTION OF SUPREME COURT—RE-HEARING OF EQUITY CASE.

   Court rule vesting jurisdiction of appealed case in Supreme Court when claim of appeal is filed and required appeal fee is paid is not inconsistent with court rule permitting a trial court to grant a rehearing of an equity suit upon the timely filing of an application therefor (Court Rules No 48, § 1, No 56, § 1 [1945]).

2. EQUITY—REHEARING—BILL OF REVIEW.

   The present motion for a rehearing of an equity suit in the trial court is not limited to the strict "rehearing" known to early law and chancery pleadings, since it takes the place of the old bill of review (Court Rule No 48, §§ 1, 4 [1945]).

3. SAME — REHEARING — NEWLY-DISCOVERED EVIDENCE — MISCAR-RIAGE OF JUSTICE.

   A motion for rehearing of an equity suit on the ground of newly-discovered evidence rests peculiarly within the sound discretion of the trial court and, although it is not looked upon with favor by the courts, there is no hesitation in its allowance where the circumstances are such that, having in mind a party's knowledge as to the essential facts of the case, among other factors, its denial would result in a miscarriage of justice (Court Rule No 48, § 1 [1945]).

4. SPECIFIC PERFORMANCE — REHEARING — NEWLY-DISCOVERED EVI-DENCE — DISCRETION OF COURT — USE OF PROPERTY AS CHURCH — RESTRICTIONS.

   It was not an abuse of discretion for trial court to grant a rehearing after having decreed specific performance of an

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 528.
[2] 19 Am Jur, Equity § 417.
[3, 4] 19 Am Jur, Equity § 433 *et seq.*

instrument which trial court had found was an absolute offer to purchase rather than merely an option, where evidence newly-discovered when decree was sought to be implemented showed it had not been disclosed to the court that restrictions of record precluded use of property as a church, the purpose for which defendant was buying it (Court Rule No 48, § 1 [1945]).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 13, 1960. (Docket No. 58, Calendar No. 47,776.) Decided June 6, 1960.

Bill by Harry E. Janes and Janet M. Janes against the Hope Evangelical United Brethern Church, a Michigan corporation, Rev. L. A. Ruegsegger, and others for specific performance of contract to purchase real estate. Decree for plaintiffs. Following claim of appeal, decree was vacated on petition of defendants. Plaintiffs appeal. Affirmed.

*McCobb, Heaney & Dunn* (*James R. Hale,* of counsel), for plaintiffs.

*Vander Veen, Freihofer, Cook & Bryant,* for defendants.

SMITH, J. The issue upon which this case turns is one of procedure. It arises out of an order vacating a decree for specific performance after claim of appeal had been filed.

It was decreed on July 25, 1957, that the plaintiffs (sellers) might have specific performance of a certain instrument. The defendants had insisted that it was merely an option but the chancellor held otherwise. He concluded that it was "an absolute offer of purchase," and decreed specific performance thereof. The decree provided, *inter alia,* that certain

described lots in the Janes Westmont Addition to the City of Grand Rapids, "subject to restrictions of record," be conveyed by the plaintiffs "free of * * * encumbrances." A claim of appeal from this decree was filed on August 13, 1957, and appeal fee paid.

Subsequent thereto defendants' attorney, for the first time, he asserts, "discovered that there were restrictions on this property which would prohibit using this property for church purposes." Defendants, accordingly, filed a petition to vacate the decree theretofore entered, plaintiffs opposing upon various grounds, including that of lack of "jurisdiction to consider this petition" under Court Rule No 56, § 1 (1945). After hearing, an order vacating the decree was entered, which order plaintiffs have appealed upon leave granted.

First, the facts. It was found by the chancellor upon adequate proofs that the sellers knew of the buyers' purpose in acquiring the property, namely, to build a church thereon. He held, further, that it was the sellers' duty to determine whether they were able to convey property usable for the known purposes, and it was his duty to disclose to the buyers (and to the court at the trial on the specific performance issue) if he were not able, because of the restrictions, so to do. It was held, further, that it was equally the duty of the buyers to ascertain whether or not the property could be used for its intended purpose. Upon all of the circumstances presented he concluded, with ample justification, that there had been mutual mistake and "at least * * * a constructive fraud," although he was careful to absolve the sellers from any active fraud or wilful concealment.

It is provided in Court Rule No 56, § 1 (1945), as follows:

"Every appeal to the Supreme Court shall be taken by filing a claim of appeal with the court, tribunal or officer whose action is to be reviewed, and paying the fee required by law for taking appeal. The Supreme Court shall thereupon have jurisdiction of the case. No such appeal shall be dismissed except on stipulation, on special motion and notice, or by the Supreme Court on its own motion."

It is also provided in section 1 of Court Rule No 48 (1945), as follows:

"On proper cause shown, a rehearing of an equitable action may be had. No application for such rehearing shall be heard unless filed within 2 months from the entry of the final decree, except where application is made on the ground of newly-discovered evidence, in which case the application must be filed within 4 months."

These sections are not inconsistent, but, rather, each complements the other. As we held in *Miles* v. *Harkins,* 335 Mich 453, 455:

"We have many times held that Court Rule No 56, § 1, does not nullify Court Rule No 48, relative to the trial court's discretion to grant a rehearing."

It will be noted that the language of the rules, and of the cases, is phrased in terms of "rehearings." The motion for rehearing, as it is now called, is not, however, limited to the strict "rehearing" known to early law and chancery pleadings. Under modern practice it takes the place of the old bill of review,[1] the bill employed historically in chancery for broad review of and relief against the decree of a court of chancery.[2]

---

[1] *Fries* v. *Wonnacott,* 270 Mich 86; Honigman, Michigan Court Rules Annotated 503, discussing Court Rule No 48, § 4 (1945).

[2] See *Eveland* v. *Stephenson,* 45 Mich 394; Story, Equity Pleadings, §§ 403–405.

It is in part the contention of the appellees that their petition, dated October 18, 1957, to vacate the decree entered on July 25, 1957, comes within the express terms of Court Rule No 48, § 1, relating to an application "made on the ground of newly-discovered evidence," which must be filed "within 4 months."

A motion for rehearing on the ground of newly-discovered evidence rests peculiarly within the sound discretion of the trial court.[3]  Although such motion is not looked upon with favor by the courts,[4] there is no hesitation in its allowance where the circumstances are such that, having in mind a party's "knowledge as to the essential facts of the case,"[5] among other factors, its denial would result in a miscarriage of justice.  In this case the trial issue, as framed by the parties, and as ruled upon by the court, was whether or not the agreement was a mere option or a binding contract to purchase.  The "essential facts of the case," as formulated and tried, related to such issue.  The evidence later discovered, at the time of the implementation of the decree, relating to the restrictions on the property was material, noncumulative, and, with respect to the issues framed and tried, not discoverable by the moving party in the exercise of due diligence.  The failure to put such matter before the court, in the opinion of the chancellor, resulted in "a constructive fraud [having been] perpetrated upon these defendants, and if not upon them, at least upon the court, because the court was entitled to know whether or not he was in a position to convey this property for the purpose that the negotiators were buying it for."

---

[3] *Chapin* v. *Cullis,* 299 Mich 101.

[4] *Lisiak* v. *Lupienski,* 241 Mich 119.

[5] *Detroit Savings Bank* v. *Truesdail,* 38 Mich 430, 431 (Syll 10).

Under such circumstances there was no abuse of discretion upon the trial chancellor in granting a rehearing.

Affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.