## TWOMLEY v. ARNOLD.

1. COURTS—JURISDICTION—MOTION TO DISMISS.

Prior to January 1, 1963, it was proper to determine whether or not a particular circuit court had jurisdiction of a cause of action on motion to dismiss, supported by affidavits (Court Rule No 18, § 1[a][1945]).

2. VENUE—CIRCUIT COURT—JURISDICTION—ACTION—PARTIES.

A circuit court did not have original jurisdiction of a cause of action prior to January 1, 1963, where neither party to the action was a resident of the county in which the action was commenced and the cause of action did not occur therein (CLS 1956, § 610.1).

3. SAME—JURISDICTION—COURT RULES—REVIVAL OF ACTION.

The provisions of the revised judicature act relating to jurisdiction of a court are not restricted to causes of action arising after the effective date of the act, but neither it nor the new court rules, simultaneously effective, operates to revive a case already dead as of their effective date for failure to start the action in the proper county (CLS 1961, §§ 600.102, 600.1601, 600.1645; GCR 1963, 11.3, 105.9).

4. ACTION—JURISDICTION—MOTION TO DISMISS.

Motion to dismiss malpractice action by resident of Shiawassee county against another resident of such county for cause of action alleged to have occurred therein, commenced in Cheboygan county on October 19, 1962, was properly dismissed December 31, 1962, for lack of jurisdiction of the Cheboygan circuit court under then pertinent statutes (CLS 1956, § 610.1; Court Rule No 18, § 1[a][1945]).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 17 Am Jur, Dismissal, Discontinuance and Nonsuit § 66.
[2] 14 Am Jur, Courts § 223.
[3] 14 Am Jur, Courts § 156.
[5] 5 Am Jur 2d, Appeal and Error § 760.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OTHER ACTION PEND-
ING—MOOT CASE.
  Whether or not appeal in instant suit was rendered moot by
  reason of later institution of another suit between the same
  parties but in another county is not determined, where dis-
  missal of instant suit is determined to have been proper under
  pertinent statute (CLS 1956, § 610.1).

Appeal from Cheboygan; Fenlon (Edward H.), J.
Submitted December 4, 1963.  (Calendar No. 112,
Docket No. 50,254.)  Decided February 3, 1964.

Case by Richard Twomley against Alfred Lester
Arnold, Jr., for malpractice.  Motion to dismiss
granted.  Plaintiff appeals.  Affirmed.

*Leitson, Dean, Dean & Abram (Max Dean,* of coun-
sel) for plaintiff.

*Smith, Brooker & Harvey (Carl H. Smith, Sr.,* of
counsel), for defendant.

DETHMERS, J.  Plaintiff, a resident of Shiawassee
county, commenced this action against defendant
doctor in Cheboygan county on October 19, 1962.
Personal service was that day obtained on defendant
in that county.  Involved was malpractice, which al-
legedly occurred in October of 1960.

On November 2, 1962, defendant filed a motion to
dismiss, supported by affidavits and deposition, on
the ground that the court did not have jurisdiction
of the person of defendant because he, also, was a
resident of Shiawassee county.  On December 10,
1962, plaintiff filed a motion to transfer the case to
the Shiawassee county circuit court because, *inter
alia,* the statute of limitations had then run on the
cause of action.

It was competent, under the Michigan Court Rules
then in effect, for the court to determine the jurisdic-

tional question on motion, supported by affidavits. (Court Rule No 18, § 1[a] [1945].)

CLS 1956, § 610.1 (Stat Ann 1959 Cum Supp § 27-.641), in effect when this suit was commenced, provided that actions founded upon wrongs shall be commenced in the county where 1 of the parties shall reside when suit is commenced, or in the county where the cause of action arose. Plaintiff's declaration alleged that he resided in Shiawassee county and that the malpractice occurred therein. The court found as a fact that defendant also was, and at the time of commencement of suit had been, a resident of Shiawassee county. This is fully supported by the undisputed proofs. Under the above cited statute and its predecessors, where neither party resided in the county where the action was commenced, and the cause of action did not arise there, the court lacked jurisdiction and a motion to dismiss on that ground should be granted. *Moore* v. *Epstein,* 258 Mich 425.

On December 31, 1962, the court, for the reason above considered, signed an order dismissing the case, which was filed January 3, 1963. On January 7, 1963, plaintiff commenced suit against defendant on the same subject matter in Shiawassee county. On January 18, 1963, plaintiff filed his claim of appeal to this Court in this case in the Cheboygan court.

Plaintiff concedes that under the "old practice", if defendant was a resident of Shiawassee county, the case was properly dismissed by the Cheboygan circuit court for lack of jurisdiction. Plaintiff urges, however, that under the new rules (GCR 1963, 105.9 and RJA, PA 1961, No 236, § 701; [CLS 1961, § 600.701 (Stat Ann 1962 Rev § 27A.701)]) the residence aspects of this case would no longer present a jurisdictional question. See, also, RJA PA 1961, No 236, §§ 1601, 1645 (CLS 1961, §§ 600.1601, 600.1645 [Stat Ann 1962 Rev §§ 27A.1601, 27A.1645]), stating that provi-

sions as to venue are not jurisdictional. Plaintiff next points out that GCR 1963, 14, makes the new rules effective January 1, 1963, and applicable to all proceedings after that date in actions then pending and urges that, therefore, they should govern on this appeal at this time. Plaintiff quotes from *Chovan* v. *E. I. Du Pont De Nemours & Co.* (ED Mich), 217 F. Supp 808, 809, the following:

"Provisions of the Michigan revised judicature act relating to jurisdiction are not restricted to causes of action arising after January 1, 1963, its effective date."

Plaintiff's difficulty here is not that his cause of action arose before that date, but, rather, that his suit was commenced, was dismissed and properly disposed of, under the old rules and statutory provisions then in effect, prior to January 1, 1963.

RJA, PA 1961, No 236, § 102 (CLS 1961, § 600.102 [Stat Ann 1962 Rev § 27A.102]), does provide that the act is remedial in character and shall be liberally construed to effect the intents and purposes thereof. GCR 1963, 13, states that the new rules are to be construed to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequences of any error or defect in the proceedings. In neither the statute or rules, however, is there an expression of the intent or purpose that they shall operate, on or after their effective date, to breathe the breath of life into a case which was dead prior thereto not only because of the December 31, 1962, order dismissing it but because it had been dead from the start for failure to be commenced in the proper county.

Defendant also says that plaintiff's institution of the suit in Shiawassee county on January 7, 1963,

rendered the appeal here moot. In view of the above we need not determine this question.

Affirmed. Costs to defendant.

KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.

ADAMS, J., took no part in the decision of this case.