GENESEE MERCHANTS BANK & TRUST
COMPANY v. BOURRIE.

OPINION OF THE COURT.

1. PARTIES—SURETY FOR LIQUOR LICENSEE—JOINT AND SEVERAL LIABILITY.

The statutory surety for a liquor licensee may properly be joined in an action against the latter because the surety is jointly and severally liable (CL 1948, § 436.22, as amended by PA 1958, No 152).

2. COURTS—APPLICABILITY OF COURT RULES.

The new court rules became effective January 1, 1963, and were applicable to all proceedings subsequent to that date in actions brought theretofore, unless it would not be feasible or would work injustice (GCR 1963, 14).

3. SAME—COURT RULES—FINAL ORDERS.

The new court rules do not govern proceedings in litigation wherein a final order had been signed although not entered prior to their effective date (GCR 1963, 14).

4. APPEAL AND ERROR—JURISDICTION OF SUPREME COURT.

Trial court's ruling that exclusive jurisdiction was vested in Supreme Court when claim of appeal was filed was not error, where such determination was made after January 1, 1963,

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Intoxicating Liquors § 552.
[2, 3] 14 Am Jur, Courts § 156.
[4] 4 Am Jur 2d, Appeal and Error § 352 et seq.
[5] 39 Am Jur, Parties § 101.
[6, 7] 30 Am Jur, Intoxicating Liquors § 549.
[8] 30 Am Jur, Intoxicating Liquors § 527.
[9] 30 Am Jur, Intoxicating Liquors § 546.
[10] 16 Am Jur, Death § 49 et seq.
[11, 14] 41 Am Jur, Pleadings § 301 et seq.
[12] 30 Am Jur, Intoxicating Liquors § 546.
[13] 5 Am Jur 2d, Appeal and Error § 1010.

but pursuant to court rule, yet effective as to the case, stating that jurisdiction vested when claim of appeal had been filed with the trial court (Court Rule No 56, § 1 [1945]).

5. PARTIES—SUBSTITUTION—WAIVER.

The right to substitution of parties in action under the death act against liquor licensees by special administrator of estate of decedent was waived by plaintiff, where the substitution was not sought until after entry of order of dismissal, on the motion for rehearing (CL 1948, §§ 691.581, 691.582).

6. DEATH—DRAM SHOP ACT—PARTIES PLAINTIFF.

Provision added to wrongful death act that all actions for a wrongful death, or injuries resulting in death, should thereafter be brought only under that act did not preclude the institution of an action under the dram shop act which provided a distinct statutory right of action directly in favor of specifically named classes of persons who were injured by an intoxicated person by reason of the unlawful sale to such person of intoxicating liquor, but which did not include the personal representative of the decedent as a party plaintiff (CL 1948, § 436.22, as amended by PA 1958, No 152; §§ 691-.581, 691.582).

7. INTOXICATING LIQUORS—DRAM SHOP ACT—PARTY PLAINTIFF.

The personal representative of the decedent, to whom it is alleged the defendant had sold intoxicating liquor illegally, is not a proper party plaintiff under the dram shop act (CL 1948, § 436.22, as amended by PA 1958, No 152).

8. SAME—DRAM SHOP ACT—ACTION—CONDITIONS.

A right of action under the dram shop act is not dependent upon the condition prescribed in the wrongful death act that the wrongful act be such as would, had death not ensued, have entitled the injured party to maintain an action and recover damages (CL 1948, § 436.22, as amended by PA 1958, No 152).

9. INTOXICATING LIQUORS—DRAM SHOP ACT—DEATH ACT—CONTRIBUTORY NEGLIGENCE.

Contributory negligence of decedent to whom it is alleged defendant illegally sold liquor while intoxicated leading to his death in automobile accident would not be a defense to any action which might have been timely instituted under the dram shop act, whereas it would have been a valid defense had suit been timely instituted under the wrongful death act (CL 1948, § 436.22, as amended by PA 1958, No 152; §§ 691-.581, 691.582).

10. DEATH—PERSONAL REPRESENTATIVE—BENEFICIARIES.

   The death act creates a right of action in wrongful death which applies generally in favor of the personal representative as a trustee for eligible beneficiaries suffering "pecuniary injury" as the result of death (CL 1948, §§ 691.581, 691.582).

11. ACTION—WRONGFUL DEATH ACT—DRAM SHOP ACT—AMENDMENT—PARTIES.

   An amendatory change from action by the administrator of the estate of decedent, as plaintiff under the wrongful death act, to the widow and guardian of the children of deceased would amount to the introduction of a new cause of action (CL 1948, § 436.22, as amended by PA 1958, No 152; §§ 691.581, 691.582).

12. INTOXICATING LIQUORS—LIMITATION OF ACTIONS—STATUTES.

   Action for damages because of illegal sale of intoxicating liquor to decedent husband and father was barred, where not commenced within 2-year limitation on such cause of action contained within the remedy-creating statute itself (CL 1948, § 436.22, as amended by PA 1958, No 152).

13. COSTS—BRIEFS.

   Costs are granted to the appellee who filed brief on appeal, not to appellee who did not file a brief.

SEPARATE OPINION.

DETHMERS, KELLY, and O'HARA, JJ.

14. ACTION—WRONGFUL DEATH ACT—DRAM SHOP ACT—AMENDMENT—PARTIES.

   *An amendatory change from administrator's action under the wrongful death act against defendants which allegedly illegally sold liquor to plaintiff's decedent while he was intoxicated leading to his death in automobile accident, to the widow and guardian of the children of deceased, the only permissible parties plaintiff under the so-called dram shop act, would amount to the introduction of a new cause of action (CL 1948, § 436.22, as amended by PA 1958, No 152; §§ 691.581, 691.582).*

Appeal from Genesee; McGregor (Louis D.), J. Submitted May 8, 1964. (Calendar No. 77, Docket No. 50,256.) Decided May 10, 1965.

Declaration by the Genesee Merchants Bank & Trust Company, special administrator of the estate of Duane B. Owings, deceased, against Alta E. Bourrie, doing business as Yellow Jacket Bar, Michigan Surety Company, Homer E. Bush, doing business as 1220 Bar, Ohio Casualty Insurance Company, and Arthur P. Makuch, doing business as Red Rooster, under the civil damage provision of the liquor control act for damages sustained in an automobile accident while decedent was intoxicated. Action dismissed. Plaintiff appeals. Affirmed.

*Beagle, Benton & Hicks* (*C. Robert Beltz,* of counsel) for plaintiff.

*Patterson & Patterson and Barrett* (*Gerald G. White,* of counsel) for defendant Bourrie.

T. M. KAVANAGH, C. J. Plaintiff's declaration of February 14, 1962, alleged defendant liquor licensees' liability under the Michigan dram shop act,[1] so-called, for the death of plaintiff's decedent. Plaintiff appeals as of right from grant of defendants' motions to dismiss filed after defendants had, by answer, denied liability.

On January 9, 1960, decedent allegedly was intoxicated when served alcoholic beverages by defendant bar owners. He was killed that evening when his car overturned as he was driving, admittedly negligently (speeding), in Genesee county. The aggravated intoxication was allegedly a proximate cause of the death.

The action was started on January 9, 1962, by praecipe and summons issued in the name of plaintiff *as special administrator of the estate of decedent.* The declaration, filed on February 14, 1962, was in

---

[1] CL 1948, § 436.22, as amended by PA 1958, No 152 (Stat Ann 1959 Cum Supp § 18.993).

plaintiff's name as special administrator of the estate of decedent *and as guardian of the estates of decedent's two minor children.*

Two of the defendant bar owners separately moved to dismiss for failure to state a cause of action because decedent was not innocent of wrongdoing. The third joined verbally in these motions to dismiss. Defendants also filed motions to strike, one aimed at plaintiff's standing as guardian on grounds that praecipe and summons did not assert a claim by plaintiff in that capacity, and one aimed at the naming of the minor children on the multiple grounds of misjoinder of separate causes of action and invalidity because of failure to amend the summons. The first of this series of motions was filed April 3, 1962.

On April 5, 1962, plaintiff filed motion to amend the summons and praecipe to conform to the declaration.

All motions were argued April 9, 1962, and the matter was taken under advisement. The court did not issue and sign the order granting defendants' motions to dismiss until December 27, 1962, and it was not filed until January 10, 1963. On January 18, 1963, plaintiff filed claim of appeal.

On February 21, 1963, plaintiff filed a motion for delayed rehearing based on the fact that the suit was alive during the advent of the new General Court Rules, which dictated a different result.

On June 17, 1963, the trial court filed its opinion denying the motion for a rehearing, the denial being predicated on the court's lack of jurisdiction to entertain such motion during the pendency of an appeal.

On stipulation of the parties, the trial court has since ordered this appeal dismissed as to two of the three defendant bar owners. Hence, the only appellees remaining are Alta E. Bourrie, doing

business as Yellow Jacket Bar, and her statutory surety, joinable because jointly and severally liable.

The first issue to be determined is the applicability to this case of the General Court Rules of 1963. We ruled in *Twomley* v. *Arnold,* 372 Mich 230, that a case dismissed by order signed in December, 1962, was thereby disposed of under the former practice despite the delay in entry of the order until January 1963. GCR 1963, 14, makes the new rules effective January 1, 1963, and applicable to all proceedings subsequent to that date in actions brought before that date, unless it would not be feasible or would work injustice. Since a final order had been signed in this case before the effective date of GCR 1963, the latter rules do not govern any proceedings in this case.

Plaintiff urges that its motion for rehearing was erroneously denied, and cites in support of its position *Janes* v. *Hope Evangelical United Brethren Church,* 359 Mich 561. That case quoted *Miles* v. *Harkins,* 335 Mich 453, 455:

" 'We have many times held that Court Rule No 56, § 1, does not nullify Court Rule No 48, relative to the trial court's discretion to grant a rehearing.' " (p 564)

Both of those cases were equity cases and involved motions under old Court Rule No 48 (1945), which would not apply to this motion, made under the former practice in a law case. Therefore, the trial court did not err in ruling that old Court Rule No 56, § 1 (1945), applied to vest exclusive jurisdiction in this Court.

In answer to plaintiff's claim that the trial court erred in refusing to permit the substitution as a real party in interest of the widow of plaintiff's decedent, defendants indicate that the substitution of the widow was not moved for until after the order

of dismissal, on the motion for rehearing. Since the record reveals no earlier request, any right to such substitution has been waived.

Plaintiff's declaration and motion to amend each indicates that the action is being brought under the death by wrongful act statute,[2] and neither mentions nor cites the dram shop act.[3]

Plaintiff claims that the action could properly be brought only under the wrongful death act by reason of the provision added by the 1939 amendment[4] as the last sentence of the act:

"All actions for such death, or injuries resulting in death, shall hereafter be brought *only* under this act." (Emphasis supplied.)

Plaintiff was not precluded by the above provision from instituting an action under the dram shop act which provides a *distinct* statutory right of action directly in favor of "every wife, husband, child, parent, guardian or other persons who shall be injured in person or property, means of support or otherwise, by an intoxicated person by reason of the unlawful selling, giving or furnishing to any such persons any intoxicating liquor." Under the dram shop act the personal representative of the decedent is not a proper party plaintiff.

The dram shop act does not depend at all upon any condition such as specified in section 1 of the death act, that the wrongful act is "such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages." Contributory negligence of the decedent, Duane B. Owings, would not be a valid defense to any action which might have been timely insti-

---

[2] CL 1948, §§ 691.581, 691.582 (Stat Ann 1959 Cum Supp §§ 27.711, 27.712).

[3] *Supra,* footnote 1.

[4] PA 1939, No 297.

tuted under the dram shop act; whereas contributory negligence of the decedent would have been a valid defense had suit been timely instituted under the death act.

The death act creates a right of action in wrongful death which applies generally in favor of the personal representative as a trustee for eligible beneficiaries suffering "pecuniary injury" as the result of death.

Plaintiff's motions to amend its summons and to file an amended declaration were, in effect, attempts to introduce a new cause of action. The only proper posture for this case would have involved the injured parties (for instance, the widow and the guardian of the children of deceased) suing defendants under the dram shop act. A change to that from the actual plaintiff-chosen posture of administrator of the estate of decedent as plaintiff under the wrongful death act amounts to the introduction of a new cause of action.[5]

Such was barred by the two-year limitation on the cause of action, contained as it is within the remedy-creating statute itself.[6]

Affirmed. Costs to appellee Bourrie only, defendant Michigan Surety Company not having filed a brief.

BLACK, SOURIS, and ADAMS, JJ., concurred with T. M. KAVANAGH, C. J.

O'HARA, J. (*concurring in result*). I concur with the result reached by the eminent Chief Justice but I confine my concurrence to the applicability of the rule of *Simonelli* v. *Cassidy*, 343 Mich 657, 661,

---

[5] See *Simonelli* v. *Cassidy*, 343 Mich 657, and *Walker* v. *Lansing & Suburban Traction Co.*, 144 Mich 685.

[6] See *Holland* v. *Eaton*, 373 Mich 34.

which I believe here controls the dispositive question.  I quote therefrom:

" 'In my opinion the amendment constitutes a new cause of action.  It allows Eleuterio Simonelli as an individual representing one cause of action to get out of court and Mr. Simonelli as administrator representing an entirely different cause of action to get into court.  This is not permissible.  (See *Walker* v. *Lansing & Suburban Traction Company*, 144 Mich 685; and *Cugell* v. *Sani-Wash Laundry Company*, 280 Mich 286.)' "

The alternative is to overrule *Simonelli,* which apparently the Court is not presently disposed to do.

DETHMERS and KELLY, JJ., concurred with O'HARA, J.

SMITH, J., did not sit.