SCHUTZ v MURPHY

Docket No. 47856. Submitted June 5, 1980, at Grand Rapids.—Decided August 12, 1980.

George J. Schutz was allegedly injured after he stumbled and fell, those injuries allegedly having been proximately caused by his drunken state which resulted from the consumption of alcoholic beverages sold in violation of the dramshop act. George Schutz and his wife, Janet, commenced an action against Kenneth Murphy, d/b/a Mosquito Inn, claiming, in count I of their complaint, damages under the dramshop and, in count II, damages under the common law. The action against Murphy was later dismissed. An amended complaint naming Arthur D. Schieber and David A. Schieber, d/b/a Mosquito Inn, as defendants was filed, with the new count I, the dramshop count, being brought on behalf of plaintiff Janet Schutz only. Defendants Schieber filed a motion for summary judgment as to count I of the complaint. The Houghton Circuit Court, Stephen D. Condon, J., granted the motion for summary judgment as to count I on the basis that plaintiff Janet Schutz failed to name and retain as a party defendant the intoxicated person, *i.e.,* her husband, plaintiff George Schutz, as required by the dramshop act. The order granting summary judgment was entered as a final judgment. Plaintiff Janet Schutz appeals. *Held:*

1. The name and retain provision of the dramshop act does not apply where the party bringing an action under that act cannot, because of the absence of any right by the plaintiff to bring an action against the intoxicated person, name and retain the intoxicated person as a party defendant.

2. A wife, during the pendency of her marriage, may not maintain a suit against her husband for damages arising out of her husband's negligent infliction of injury upon himself. Since plaintiff had no cause of action against her husband, plaintiff did not need to name and retain her intoxicated husband as a party defendant in her dramshop act action. The absence of

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 45 Am Jur 2d, Intoxicating Liquors § 596.
[3] 45 Am Jur 2d, Intoxicating Liquors § 594.

any cause of action by her husband against the dramshop defendants does not affect plaintiff wife's cause of action under the dramshop act, because the dramshop act creates an independent rather than a derivative cause of action in the wife of the injured person.

3. Since plaintiff wife's cause of action under the dramshop act was in no way dependent upon the existence of a viable cause of action by her husband, the injured intoxicated person, and since she, having no cause of action against her husband, had no need to name and retain her husband as a party defendant in her dramshop act action, the granting of summary judgment dismissing the dramshop act action was improper.

Reversed and remanded.

1. Intoxicating Liquors — Dramshop Action — Name and Retain — Cause of Action — Statutes.

The name and retain provision of the dramshop act does not apply where the plaintiff cannot name the intoxicated person or cannot retain the intoxicated person as a party defendant because the plaintiff has no cause of action against the intoxicated person (MCL 436.22; MSA 18.933).

2. Torts — Cause of Action — Married Persons — Dramshop Act — Name and Retain.

A wife does not have a cause of action against her husband, while they are still married, for damages arising out of the husband's negligent infliction of injury upon himself; accordingly, a wife need not name and retain her intoxicated husband as a party defendant in her dramshop act action.

3. Intoxicating Liquors — Dramshop Act — Parties — Actions — Married Persons — Statutes.

An action commenced under the dramshop act may be brought in the name of the wife, husband, child or parent of the injured person and is not a derivative action flowing from any right of action by the injured person; accordingly, a wife may maintain a dramshop action for damages resulting from an injury to her husband even if the husband, being the one intoxicated, cannot recover damages for his own injuries under the dramshop act (MCL 436.22; MSA 18.933).

*Wisti & Jaaskelainen* (by *Michael E. Makinen),* for plaintiffs.

*Bridges & Collins* (by *Dennis Shafer),* for Arthur
D. and David A. Schieber.

Before: R. B. BURNS, P.J., and MACKENZIE and
J. T. KALLMAN,* JJ.

R. B. BURNS, P.J. Plaintiffs filed suit for damages
arising out of defendants' alleged violation of the
dramshop act and of their common law duty to
maintain safe business premises. Defendant Mur-
phy was dismissed as a defendant. Thereafter, the
trial court granted defendants Schieber's motion
for summary judgment as to count I. It was al-
leged in count I that plaintiff George Schutz was
served alcoholic beverages by the defendants in
violation of the dramshop act, MCL 436.22; MSA
18.993, and that said violation was a proximate
cause of injuries suffered by George Schutz when
he was pushed by another bar patron and was
caused to stumble and fall to the floor. The only
claim for damages in count I was made by plaintiff
Janet Schutz, as the wife of George Schutz, who
alleged that she suffered a loss of consortium,
support, services and other pecuniary damages as
a result of her husband's injuries. The trial court's
order of summary judgment entered in favor of
defendants Schieber on count I is appealed.

The dramshop act, which gives to a wife, hus-
band, child, parent, guardian or other person in-
jured as a result of the unlawful selling of alco-
holic beverages to a visibly intoxicated person the
right to seek damages from a dramshop owner,
was amended in 1972. The amendment provides:

"No action against a retailer * * * shall be com-
menced unless the minor or the alleged intoxicated
person is a named defendant in the action and is

* Circuit judge, sitting on the Court of Appeals by assignment.

retained in the action until the litigation is concluded by trial or settlement".

The purpose of the "name and retain" amendment was to:

" 'eliminate the common practice whereby the intoxicated person enters into a settlement with the injured plaintiff for a token sum, and thereafter energetically assists the plaintiff with the prosecution of a suit against the tavern owner. The provision will also discourage possible collusion and perjury by those too weak to resist the obvious temptation inherent in the original dramshop act, which has now been recognized by the Legislature and corrected through this amendment.' 57 Mich App 367, 372; 226 NW2d 101 (1975)." *Salas v Clements,* 399 Mich 103, 108-109; 247 NW2d 889 (1976).

In *Salas, supra,* 109, the Supreme Court stated that the amendment would not be applied in a case where its application would produce "an unreasonable, unjust result, a result which is inconsistent with the purpose of the 'name and retain' amendment and the dramshop act itself". Pursuant to this rule of statutory construction the Court held that the amendment did not apply when the injured person did not know the indentity of the alleged intoxicated person, as it would be "patently absurd" to suggest that collusion would occur between the injured person and an alleged intoxicated person whose identity was unknown.

In *Scholten v Rhoades,* 67 Mich App 736, 743-744; 242 NW2d 509 (1976), this Court held that the amendment did not apply where a father had brought a dramshop action to recover damages he incurred when his minor son injured himself after consuming beer allegedly sold to him in violation of the dramshop act. The Court stated:

"A parent is legally responsible for the medical bills of his minor child and to secure a judgment for such sums against the child is meaningless. Furthermore, * * * a child has no cause of action against his father or father's estate for injuries or death of the father due to the father's voluntary intoxication. Nor does a parent have a cause of action against his minor child for expenses incurred by the father on behalf of the child due to the child's voluntary intoxication. *While it makes good sense to name and retain a party defendant where there is a cause of action against the defendant it makes no sense at all to do so where recovery is impossible because no cause of action exists.* Additionally, we more than faintly suspect that were we to hold that the plaintiff father must name and retain the minor child as a party defendant the effect would be to confuse a jury and thus deny to the parent a right of recovery which existed prior to the amendment". (Emphasis added.)

Similarly, the name and retain amendment was not applied where the plaintiffs could not retain the alleged intoxicated person because the only cause of action which could have been asserted against the intoxicated person was an action under the wrongful death act, MCL 600.2922; MSA 27A.2922, and plaintiffs were precluded from bringing a wrongful death action because they were not the decedent's personal representative. *Dickerson v Heide,* 69 Mich App 303; 244 NW2d 459 (1976).

Thus, the courts of this state have not applied the name and retain amendment where the plaintiff either cannot name the alleged intoxicated person or cannot retain the intoxicated person as a party defendant because the plaintiff has no cause of action against him.[1]

In the present case, though plaintiff could name

[1] See also *Farmers Ins Group v Clear,* 94 Mich App 655; 290 NW2d 51 (1980).

the intoxicated person, she could not retain him as a party defendant, because there is no precedent for allowing a suit by a wife against her husband, where the parties' marriage is intact, for damages arising out of the husband's negligent infliction of injury upon himself.

Accordingly, we hold that under the circumstances of this case a wife may maintain a cause of action pursuant to the dramshop act without naming her husband as a party defendant.

Furthermore, we find that, because the dramshop act gives a wife, husband, child or parent an action in their own name and the action is not a derivative suit, this action is not precluded by the fact that plaintiff George Schutz cannot recover damages for his own injuries under the dramshop act. *Scholten, supra,* 742.

Reversed and remanded for trial. Costs to plaintiff.