## ALBRO v TOTAL PETROLEUM, INC

Docket No. 52056. Submitted April 13, 1981, at Detroit.—Decided July 23, 1981. Leave to appeal applied for.

Norma Jean Albro and Floyd Albro brought an action against Total Petroleum, Inc., for damages arising out of injuries received by Norma Jean Albro as a result of an accident which took place at Total's place of business while she was employed by Premium Services, Inc. Total brought a third-party complaint for indemnity against Premium. Defendants moved for summary judgment, which motions were granted, Wayne Circuit Court, Neal Fitzgerald, J. Plaintiffs appeal. *Held:*

1. The trial court employed an incorrect standard in reviewing defendants' motions for summary judgment, using a standard of review closer to that used for review of a motion for a directed verdict.

2. The trial court erred in granting defendants' motions. The record reveals that plaintiffs presented sufficient evidence to create a genuine issue of material fact.

Reversed and remanded.

1. JUDGMENTS — SUMMARY JUDGMENT — COURT RULES.

A trial court, upon motion for summary judgment alleging that *except for the amount of damages there is no genuine issue as to any material fact* may grant the motion where it is satisfied that it would be impossible for the claim at issue to be supported during trial because of some deficiency which cannot be overcome (GCR 1963, 117.2[3]).

2. JUDGMENTS — DIRECTED VERDICTS.

A trial court may grant a motion for a directed verdict where a plaintiff fails to provide sufficient support for his claim during trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 75 Am Jur 2d, Trial §§ 491, 492.
[3] 5 Am Jur 2d, Reversal § 948.
[4] 57 Am Jur 2d, Negligence §§ 54, 56.
[5] 57 Am Jur 2d, Negligence §§ 136, 141.

3. Appeal — Reasons Underlying Judgments — Correct Results.

The Court of Appeals will not reverse the judgment of a trial court where a review of the record reveals that the trial court reached the right result for the wrong reason.

4. Negligence — Evidence — Hazards — Knowledge — Constructive Notice.

A plaintiff in a negligence action alleging an unsafe condition due to the presence of a foreign substance as the cause of an accident must present evidence that the defendant had notice of the presence of the substance or that the substance was present for a period of time sufficient to charge the defendant with constructive notice, and such notice may be inferred where the presence of the substance was occasioned by the defendant or his agent.

5. Negligence — Circumstantial Evidence.

The elements of a negligence claim may be proved by circumstantial evidence.

*Lopatin, Miller, Freedman, Bluestone, Erlich & Rosen* (by *Steven G. Silverman*), for plaintiffs.

*Law Offices of Ronald R. Kefgen* (by *Terrence F. Flynn*), for defendant Total Petroleum, Inc.

*Harvey, Kruse & Westen, P.C.* (by *Thomas R. Bowen*), for defendant Premium Services, Inc.

Before: R. M. Maher, P.J., and R. B. Burns and D. C. Riley, JJ.

Per Curiam. Plaintiffs appeal as of right the trial court's grant of summary judgment in favor of defendants pursuant to GCR 1963, 117.2(3) on the ground that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law.

This case involves what is typically referred to as a "slip and fall". Plaintiff Norma Jean Albro was employed by third-party defendant Premium Services, Inc., in a maintenance capacity. On Au-

gust 25, 1975, she was assigned to do maintenance work for defendant Total Petroleum, Inc. She arrived at Total's place of business just before closing time. Shortly after entering the building, there was a complete power failure and the lights went out. Plaintiff continued to push her work cart down a hallway past a drinking fountain, at which point she allegedly slipped and fell on spilled coffee.

The point at which plaintiff fell is close to the employees' coffee room. Deposition testimony indicated that the Total Petroleum building has two coffee rooms, one for the employees and one for truck drivers. That testimony also indicated that the coffee in the employees' room is supposed to be for the employees only and that the possibility of a truck driver obtaining coffee from the employees' coffee room was "remote". Further testimony showed that after business hours people in the building almost certainly would be employees.

Defendants' motions for summary judgment alleged that plaintiffs had no evidence on the question of whether there was notice that the hazard (in this case, the spilled coffee) existed on the premises. The trial court granted both motions stating that there was "no absolute testimony that it was the defendant or the defendants' agent that spilled it".

Initially, we note that the trial court employed an incorrect standard to review a motion for summary judgment pursuant to GCR 1963, 117.2(3). The trial court employed a standard of review closer to that used for review of a motion for directed verdict. Compare *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), with *Whitmore v Sears, Roebuck & Co,* 89 Mich App 3; 279 NW2d 318 (1979). The distinction is important. For

example, a trial court might deny a motion for summary judgment if not satisfied that "it is impossible for the claim * * * to be supported at trial because of some deficiency which cannot be overcome". *Rizzo, supra,* 372. (Emphasis deleted.) But if during trial the plaintiff fails actually to provide sufficient support for the claim, a directed verdict would be appropriate. *Whitmore, supra.* The distinction was not observed by the trial court in the instant case.

Reversal is not required, however, if review of the record reveals that the motion for summary judgment, employing the proper standard, should have been granted anyway. This Court will not reverse a decision of a lower court if the lower court reached the right result for the wrong reason. See *Buckeye Union Fire Ins Co v Detroit Edison Co,* 38 Mich App 325; 196 NW2d 316 (1972), *Williams v Lakeland Convalescent Center, Inc,* 4 Mich App 477; 145 NW2d 272 (1966).

In the instant case the trial court correctly observed that a plaintiff must present evidence of "notice". "Notice" is usually phrased in terms of the substance causing the fall being evident for a period of time long enough so that defendant Total could be charged with constructive notice of its existence. *Whitmore, supra, Suci v Mirsky,* 61 Mich App 398; 232 NW2d 415 (1975). That type of evidence is not present here. Notice may be inferred, however, where the presence of the substance causing the accident is "occasioned by the proprietor or an employee". *Suci, supra,* 402.

Although there is no direct or "absolute" testimony as to who spilled the coffee, the elements in a negligence action may be proved by circumstantial evidence. *Spiers v Martin,* 336 Mich 613; 58 NW2d 821 (1953), *Wolverine Upholstery Co v Am-*

*merman,* 1 Mich App 235; 135 NW2d 572 (1965). This is especially significant when examining a record for a "genuine issue of material fact". After examination of the record in this case, we hold that plaintiffs presented sufficient evidence to create a "genuine issue of material fact" as to whether an employee of defendant Total spilled the coffee that caused Mrs. Albro's fall. Accordingly, the trial court erred in granting defendants' motions for summary judgment. *Bilicki v W T Grant Co,* 382 Mich 319; 170 NW2d 30 (1969).

Reversed and remanded.