O'DOWD v GENERAL MOTORS CORPORATION

Docket No. 70460. Argued May 8, 1984 (Calendar No. 5).—Decided December 3, 1984.

Kathleen O'Dowd, as personal representative of the estate of Dennis J. O'Dowd, deceased, brought an action in the Wayne Circuit Court against General Motors Corporation and Uniroyal Corporation, seeking damages for the wrongful death of Dennis O'Dowd which resulted from an accident in an automobile manufactured by General Motors and equipped with tires manufactured by Uniroyal. The court, Joseph B. Sullivan, J., granted the defendants' motions to add Hillcrest Country Club as a third-party defendant under the dramshop act on the ground that Hillcrest had served intoxicating beverages to Dennis O'Dowd immediately prior to the accident. The court subsequently granted Uniroyal's motion for summary judgment. The Court of Appeals, N. J. Kaufman and Mahinske, JJ. (Cynar, P.J., dissenting), reversed the order adding Hillcrest on the ground that General Motors could not receive contribution from Hillcrest because the plaintiff brought the action in her capacity as personal representative of the estate and only O'Dowd's heirs could maintain a dramshop action against Hillcrest (Docket No. 58178). General Motors appeals.

In a unanimous opinion by Justice Levin, the Supreme Court held:

An automobile manufacturer, subject to liability under the wrongful death act to the personal representative of the estate of a person killed in an automobile accident, and a dramshop owner, subject to liability under the dramshop act to the wife and child of the deceased, are jointly and severally liable in tort for the wrongful death for the purpose of permitting the manufacturer to seek contribution from the dramshop owner, where a wrongful death action is brought by the personal

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 18 Am Jur 2d, Contribution §§ 47, 74.
[1] 45 Am Jur 2d, Intoxicating Liquors §§ 564, 567, 569, 612.
Contribution or indemnity between joint tortfeasors on basis of relative fault. 53 ALR3d 184.

representative against the manufacturer for the benefit of the decedent's wife and child.

1. Persons jointly or severally liable in tort for the same injury to person or property or for the same wrongful death have a statutory right of contribution among them. It is the nature of the injury suffered which determines whether contribution may be obtained and not the identity of the plaintiff in an action arising from the injury. The contribution statute provides a substantive basis for contribution, grounded in the concept that where more than one person is legally responsible for a loss, they should share in and contribute to the cost of reparations, independent of the form of any causes of action arising from the loss.

2. In this case, the plaintiff is the personal representative of the decedent's estate and is the proper party to bring a wrongful death action against General Motors. A dramshop action against Hillcrest could not be brought by the personal representative of the estate, but would be required to be brought by O'Dowd's heirs. However, the identities of the beneficiaries of either action are the same: the wife and child of the decedent. General Motors seeks contribution from Hillcrest only for the loss of support, society, and companionship of the decedent, damages for which both General Motors and Hillcrest could become severally liable. Thus, contribution is proper, although the capacities in which the beneficiaries as plaintiffs may bring actions would differ.

Reversed and remanded.

1. CONTRIBUTION — WRONGFUL DEATH ACTIONS — DRAMSHOP ACTIONS.

An automobile manufacturer, subject to liability under the wrongful death act to the personal representative of the estate of a person killed in an automobile accident, and a dramshop owner, subject to liability under the dramshop act to the wife and child of the deceased, are jointly and severally liable in tort for the wrongful death for the purpose of permitting the manufacturer to seek contribution from the dramshop owner, where a wrongful death action is brought by the personal representative against the manufacturer for the benefit of the decedent's wife and child (MCL 436.22, 600.2922, 600.2925a; MSA 18.993, 27A.2922, 27A.2925[1]).

2. CONTRIBUTION — WRONGFUL DEATH ACTIONS.

Persons jointly or severally liable in tort for the same injury to person or property or for the same wrongful death have a statutory right of contribution among them; it is the nature of

the injury suffered which determines whether contribution may be obtained and not the identity of the plaintiff in an action arising from the injury (MCL 600.2925a; MSA 27A.2925[1]).

3. Contribution — Causes of Action.

The contribution statute provides a substantive basis for contribution, grounded in the concept that where more than one person is legally responsible for a loss, they should share in and contribute to the cost of reparations, independent of the form of any causes of action arising from the loss (MCL 600.2925a; MSA 27A.2925[1]).

*Ronald R. Stempien, P.C.* (by *Ronald R. Stempien),* and *Gregory J. Stempien, P.C.* (by *Gregory J. Stempien),* for the plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Derek I. Meier* and *Jeffrey M. Lipshaw)* and *Mary Ann McKinnon,* of counsel, for General Motors Corporation.

Levin, J. The question presented is whether an automobile manufacturer, subject to liability to the personal representative of the estate of a person killed in an automobile accident pursuant to the wrongful death act,[1] and a purveyor of

---

[1] "(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section.

"(2) Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, and in every such action the court or jury may give such damages, as, the court or jury, shall deem fair and just, under all of the circumstances to those persons who may be entitled to such damages when recovered including damages for the reasonable medical, hospital, funeral and burial expenses for which the estate is liable and reasonable compensation for the pain and suffering, while conscious, undergone by such de-

intoxicating liquor, subject to liability under the dramshop act[2] to the wife and child of the deceased for providing liquor to the deceased, are "jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death" for purposes of § 1 of the contribution statute.[3] We hold that they are where the wrongful death action is maintained by the personal representative for the benefit of the deceased's wife and child, and therefore the automobile manufacturer may seek contribution from the club which furnished the liquor.

I

This wrongful death action was commenced against General Motors, the manufacturer of the automobile Dennis J. O'Dowd was driving when he was killed in an automobile accident.[4] As required

ceased person during the period intervening between the time of the inflicting of such injuries and his death. The amount of damages recoverable by civil action for death caused by the wrongful act, neglect, or fault of another may also include recovery for the loss of the society and companionship of the deceased." MCL 600.2922; MSA 27A.2922.

[2] "A wife, husband, child, parent, guardian or other person injured in person, property, means of support or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor to the person, if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the injury. * * * In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in a sum not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the injury or death." MCL 436.22; MSA 18.993.

[3] "Except as otherwise provided in this act, when 2 or more persons become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them." MCL 600.2925a; MSA 27A.2925(1).

[4] The complaint in the wrongful death action also named as a defendant Uniroyal Corporation, the manufacturer of the tires on

by the wrongful death act, this action was brought by the personal representative of his estate, his wife, Kathleen O'Dowd.[5] The complaint seeks to recover on a product liability theory and for four categories of damages: 1) medical, hospital, and funeral expenses incurred by the estate; 2) pain and suffering endured by O'Dowd following the accident and before his death; 3) loss of support, society, and companionship suffered by the heirs of his estate; and 4) loss of support, society, and companionship suffered by O'Dowd's wife, Kathleen, and son, Thomas.[6]

---

O'Dowd's automobile. On August 28, 1981, the trial court granted summary judgment to Uniroyal, and Uniroyal has not participated in the appeal to this Court.

[5] See fn 1.

[6] These four categories of damages are set out in paragraphs 17-20 of the wrongful death complaint:

"17. As a direct and proximate result of the negligence, breach of implied and express warranties of defendant and defective and unsafe conditions plaintiff's decedent sustained the following injuries, while conscious, and damages, including, as well as others:

"a) Multiple fracture of the cervical spine;

"b) Crushing head injuries;

"c) Severe contusions and lacerations of the face and body;

"d) Shock to the nervous system; all of which injuries caused his hospitalization and resulted in his death following the aforesaid collision.

"18. As a result of the aforesaid accident and consequential death of the decedent, his widow, Kathleen O'Dowd, and her child are the sole survivors of a well-knit and close family unit that has been broken by the unlawful taking of the life of the decedent through the wrongful actions of the defendants. That further, the same Kathleen O'Dowd and her child have suffered a loss of mutual society, protection and companionship of the decedent and in particular Kathleen O'Dowd has sustained the loss of love, affection, companionship, mutual society, consortium and protection of her husband, Dennis J. O'Dowd.

"19. The estate of the decedent has suffered damages as a result of defendants' negligence and other wrongful acts in that:

"a) It has incurred liability for medical and hospital expenses and funeral expenses;

"b) It is damaged for the pain and suffering endured by the decedent while conscious following the said accident and prior to his demise;

"c) It is damaged by the loss of the prospective earning capacity of the decedent;

During the hours preceding the accident, O'Dowd had consumed beer and liquor at the Hillcrest Country Club. The trial court granted General Motors leave to file a third-party complaint seeking contribution from Hillcrest on the basis of an alleged violation of the dramshop act.[7] The Court of Appeals reversed. The Court reasoned that contribution was not obtainable because this action had been brought by the personal representative of O'Dowd's estate and only O'Dowd's heirs could maintain a dramshop action against Hillcrest:

"Because the potential liability of the club is to plaintiff in her individual capacity it cannot be said to be a common liability with that of [General Motors] to plaintiff as personal representative of her husband's estate. In these circumstances, contribution is not appropriate and the country club should not have been added as a third-party defendant." *O'Dowd v General Motors Corporation,* unpublished opinion per curiam of the Court of Appeals, decided October 12, 1982 (Docket No. 58178).[8]

We reverse.

"d) The loss sustained by the surviving members of the well-knit and close family unit broken by the unlawful taking of the life of the husband and father of the members of said unit including the consequential loss of love, affection, companionship, protection and mutual society.

"20. This action is brought under the provisions of the Michigan wrongful death act and the plaintiff is further claiming that as a result of the negligence of defendants the heirs of the decedent suffered pecuniary damages as defined by the laws of the State of Michigan."

[7] Hillcrest moved for summary judgment for failure to state a claim upon which relief could be granted with respect to the third-party complaint for contribution. The trial court denied the motion on May 14, 1981.

[8] Judge CYNAR dissented, focusing on the damages sought rather than the status of the plaintiff. He concluded that General Motors was entitled to contribution for the loss of support, society, and companionship suffered by Kathleen and Thomas O'Dowd and by the

## II

At common law, contribution was not, as a general rule, recoverable among or between joint wrongdoers or tortfeasors.[9] The Legislature partially abrogated the common-law bar by adopting the 1939 Uniform Contribution Among Tortfeasors Act which provided for contribution in respect of a judgment obtained against two or more persons jointly.[10] This Court abolished remnants of the common-law rule in *Moyses v Spartan Asphalt Paving Co,* 383 Mich 314, 329, 334; 174 NW2d 797 (1970).[11]

Subsequently, the Legislature, at the urging of the Law Revision Commission,[12] substituted[13] the substance of the 1955 Uniform Contribution

other heirs of Dennis O'Dowd, but not for the other two categories of damages set forth in the wrongful death complaint:

"Contribution may properly be asserted against Hillcrest at least to the extent of Hillcrest's potential liability to survivors for loss of support, society and companionship. * * * To the extent that defendant, third-party plaintiff, seeks contribution for damages personal to the deceased from Hillcrest, third-party defendant, under a dramshop act theory, plaintiff correctly asserts that these damages are barred."

During the pendency of the appeal before the Court of Appeals, Kathleen and Thomas O'Dowd filed a dramshop action on September 4, 1981, against Hillcrest. In paragraph 10 of their complaint, they sought to recover for the loss of support, society, and companionship they suffered:

"10. The plaintiffs have suffered damages as a result of the defendant's misconduct and other wrongful acts. They are damaged by the loss of support of Dennis J. O'Dowd and the loss sustained by them as surviving members of a well-knit and close family unit broken by the unlawful taking of the life of the head of their household unit, including the consequential loss of love, affection, companionship, consortium, protection and mutual society."

[9] 18 Am Jur 2d, Contribution, § 33, p 44.

[10] 1941 PA 303, 1948 CL 691.561 *et seq.* In 1961, the Legislature enacted a nearly verbatim redraft of this statute as part of the Revised Judicature Act. 1961 PA 236, MCL 600.2925; MSA 27A.2925.

[11] The bar against recovery of contribution by a wilful or intentional tortfeasor was retained.

[12] Michigan Law Revision Commission, Second Annual Report, 1967, p 57.

[13] MCL 600.2925a-600.2925d; MSA 27A.2925(1)-27A.2925(4) (section 2925b has since been amended by 1982 PA 147).

Among Tortfeasors Act[14] for the 1941 act. Section 1 of the statute now provides:

> "(1) Except as otherwise provided in this act, when 2 or more persons *become jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death,* there is a right of contribution among them even though judgment has not been recovered against all or any of them." (Emphasis added.)[15]

The former limitation on contribution among tortfeasors to the class of tortfeasors where a judgment was obtained against two or more persons jointly was thought to preclude contribution where (i) the acts of the tortfeasors were separate, independent, or concurrent rather than joint or in concert, or (ii) where the tortfeasors were liable in tort on different legal theories.[16] The revised act by explicitly providing for contribution among tortfeasors "severally" liable in tort extended contribution to these situations.

Under the revised act, all that is necessary to enforce contribution is that the tortfeasors commonly share a burden of tort liability[17] or, as it is

---

[14] 12 ULA 63.

[15] MCL 600.2925a; MSA 27A.2925(1).

[16] "When one speaks specifically of *joint tortfeasors* he does not refer (a) to wrongdoers the liabilities of whom arise out of variant legal positions, the concurrently applied but legally different derelictions of whom make them *severally* responsible to the plaintiff in damages, or (b) to the acts or omissions of several who act independently rather than in concert, or (c) to those who may—under present rules of court—be joined as defendants, *by the plaintiff* (see GCR 1963, 206), and held responsible to him for damages sustained on account of their causally cooperating but non-joint acts or omissions, say by the negligence of one, the violation of a statute like the dramshop act by another, and the breach by still another of an express or legally implied warranty." *Moyses v Spartan Asphalt Paving Co, supra*, pp 331-332 (emphasis in the original).

[17] See generally *Caldwell v Fox*, 394 Mich 401, 415-422; 231 NW2d 46 (1975); *Sziber v Stout*, 419 Mich 514; 358 NW2d 330 (1984); *Tebo v*

sometimes put, there is a common burden of liability in tort.

## III

Had O'Dowd survived the accident, and Kathleen or Thomas[18] had joined him in bringing a product liability action against General Motors, Hillcrest and General Motors would share a common burden of tort liability to Kathleen and Thomas.[19] If O'Dowd had been injured by a drunken driver, the tavern, the manufacturer of the automobile and the driver could be under a common burden of tort liability to O'Dowd and his wife and child. Yet it is argued, and the Court of Appeals held, that General Motors and Hillcrest cannot share a common burden of tort liability in this case because any tort liability on the part of General Motors in this wrongful death action would be owed to the personal representative of O'Dowd's estate and any tort liability on the part of Hillcrest would be owed to O'Dowd's heirs in their individual capacities.[20]

Thus, O'Dowd's personal representative essentially contends that contribution among tortfeasors is obtainable only where a common burden of tort liability is owed to the same plaintiff. We do not agree.

---

*Havlik,* 418 Mich 350, 416-421, fns 80-87; 343 NW2d 181 (1984) (LEVIN, J., *dissenting*).

[18] See *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981).

[19] O'Dowd, the intoxicated person, may not maintain an action under the dramshop act and, hence, General Motors and Hillcrest would not share a common burden of liability to him.

[20] The wrongful death act requires that the action be brought by the personal representative of the deceased person. See fn 1. Such a personal representative, however, is not a proper party plaintiff in a dramshop action. *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965). An action may be brought under the dramshop act by an heir of the deceased in his individual capacity. See fn 2.

A

Section 1 of the contribution statute provides for contribution among tortfeasors "jointly or severally liable in tort for the same injury to a person or property or for the same wrongful death". The statute does not in terms focus on the identity of the plaintiff, but rather on the nature of the injury suffered; section 1 says nothing about the capacity in which the plaintiff brought the action. We do not understand the phrase "to a person or property" as conditioning contribution among tortfeasors on liability to the same plaintiff, but rather as providing that contribution is obtainable without regard to whether the defendants have been sued for injury to person, injury to property, or wrongful death. If the defendants are jointly or severally liable in tort for "the same injury to a person" or for "the same injury to * * * property" or for "the same wrongful death", contribution pursuant to § 1 is obtainable. It was not part of the legislative purpose to provide for contribution from a dramshop where the injured person survives an automobile accident, but to deny it where he was killed in the accident.

This view is supported by § 4 of the statute, which omits the phrase "to a person or property" and provides for setoff when the plaintiff settles with "1 or 2 or more persons liable in tort *for the same injury or the same wrongful death*". (Emphasis supplied.)[21] The Legislature did not intend to

---

[21] "When a release or a covenant not to sue or not to enforce judgment is given in good faith to 1 or 2 or more persons liable in tort for the same injury or the same wrongful death:

\* \* \*

"(b) It reduces the claim against the other tort-feasors to the extent of any amount stipulated by the release or the covenant or to the extent of the amount of the consideration paid for it, whichever amount is the greater.

limit contribution under § 1 to tortfeasors liable to the same plaintiff while requiring setoff under § 4 where tortfeasors are liable for the same injury or for the same wrongful death, but are not liable to the same plaintiff.

## B

In *Moyses, supra,* this Court "returned the doctrine of contribution among non-intentional wrongdoers to the original equitable rules". *Caldwell v Fox,* 394 Mich 401, 419-420; 231 NW2d 46 (1975). It would not be consistent with equitable rules to deny contribution because a wrongful death action may only be maintained by the deceased's personal representative. The Supreme Court of Minnesota, responding to the argument that there was no common liability to the injured person in tort, said

> "Contribution is a flexible, equitable remedy designed to accomplish a fair allocation of loss among parties. Such a remedy should be utilized to achieve fairness on particular facts, unfettered by outworn technical concepts like common liability." *Lambertson v Cincinnati Corp,* 312 Minn 114, 128; 257 NW2d 679 (1977).

The contribution statute provides a substantive basis for contribution, grounded in the concept that where more than one person is legally responsible for the loss they should share in and contribute to the cost of providing reparations, which is not dependent on the form of the several causes of action. *Cf. Sziber v Stout,* 419 Mich 514; 358 NW2d 330 (1984).

---

"(c) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor." MCL 600.2925d; MSA 27A.2925(4).

## C

General Motors is not seeking contribution for two categories of damages sought in this wrongful death action by the personal representative of O'Dowd's estate: 1) medical, hospital, and funeral expenses incurred by the estate; and 2) pain and suffering endured by O'Dowd following the accident and before his death. Kathleen and Thomas O'Dowd could not recover for such elements of damages from Hillcrest in a dramshop action, and General Motors cannot obtain contribution therefor.

General Motors is seeking contribution with respect to damages compensating for the loss of support, society, and companionship. With respect to these damages, General Motors and Hillcrest may become "severally liable in tort * * * for the same wrongful death", and contribution is proper under § 1 although the capacities in which plaintiffs may maintain an action differ. See *Jones v Fisher,* 309 NW2d 726 (Minn, 1981).

Though the identity of the plaintiff in this wrongful death action against General Motors differs from the plaintiff in a dramshop action against Hillcrest, the beneficiaries of a recovery for loss of support, society, and companionship will in each case be Kathleen and Thomas O'Dowd.

## IV

Counsel for the personal representative represented to this Court during oral argument that a dramshop action filed in the Macomb Circuit Court against Hillcrest by Kathleen and Thomas O'Dowd in their individual capacities has been settled.[22]

---

[22] In a "Post-Argument Brief", counsel for General Motors stated that a search of the Macomb Circuit Court records revealed a stipula-

Although this representation by counsel is not part of the record on appeal,[23] we note that § 4 of the contribution statute suggests that under such circumstances General Motors might not be entitled to contribution from Hillcrest although it might seek a setoff in respect to the settlement paid by Hillcrest to Kathleen and Thomas O'Dowd.[24]

In all events, it is no longer necessary, in light of the settlement, to consider whether, because of potential prejudice to the plaintiff, the trial court abused its discretion when it permitted General Motors to file a third-party complaint for contribution against Hillcrest.

The decision of the Court of Appeals is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

WILLIAMS, C.J., and KAVANAGH, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with LEVIN, J.

tion and order of dismissal entered in that case on November 28, 1983 (*i.e.,* between the date of the Court of Appeals decision in this wrongful death action and the date of grant of leave to appeal by this Court).

[23] See *Reed v Civil Service Comm,* 301 Mich 137, 157; 3 NW2d 41 (1942).

[24] See fn 21; *cf. Thick v Lapeer Metal Products,* 419 Mich 342, 348; 353 NW2d 464 (1984) (opinion of BOYLE, J.).