## BRANNSTROM v TIPPMAN

Docket Nos. 75560, 76825. Submitted June 13, 1984, at Lansing.—
Decided April 1, 1985. Leave to appeal applied for.

Delbert J. Brannstrom was fatally injured when his motorcycle
collided with an automobile driven by Edward E. Tippman.
Two separate dramshop actions were brought, one by Nanci
Brannstrom, the decedent's former wife, and the other by
James and Edith Brannstrom, the decedent's parents. Both
actions named as defendants Tippman, Edwin Kulka, doing
business as Auburn Hotel and Lounge, and Clyde C. and
Margaret R. Dexter, doing business as Boulevard Lounge. It
was alleged that the dramshop defendants illegally furnished
intoxicating liquor to Tippman when he was under 21 years of
age and visibly intoxicated. The Bay Circuit Court, Eugene C.
Penzien, J., granted summary judgments in favor of the dram-
shop defendants. The court held that the dramshop actions
were precluded by a consent judgment against the dramshop
defendants entered earlier in a dramshop action brought by
Nanci Brannstrom on behalf of the decedent's minor children,
which action had been combined with a wrongful death action
brought by Nanci as the personal representative of the de-
ceased's estate. That wrongful death action against the dram-
shop defendants was dismissed with prejudice; however,
Tippman has been retained as the defendant in that action.
The trial court also held that Nanci was not a proper plaintiff
under the dramshop act and that neither she nor the parents
had a cause of action against Tippman and therefore could not
comply with the "name and retain" provision of the dramshop
act. The plaintiffs in both actions appealed, and the appeals
were consolidated. *Held:*

1. The personal representative in a wrongful death action is

References for Points in Headnotes

[1, 5] 45 Am Jur 2d, Intoxicating Liquors §§ 571-575.

[1, 4-7] 45 Am Jur 2d, Intoxicating Liquors § 594.

Recovery under Civil Damage (Dram Shop) Act for intangibles such
as mental anguish, embarassment, loss of affection, or companion-
ship, or the like. 78 ALR3d 1199.

[2] 61A Am Jur 2d, Pleading § 230 *et seq.*

[3] 45 Am Jur 2d, Intoxicating Liquors § 562.

[5] 45 Am Jur 2d, Intoxicating Liquors §§ 567, 568.

not a proper party to bring a dramshop action, which must be brought by the injured party in his or her own name. Therefore, the present dramshop actions could not have been brought by the personal representative as a part of the wrongful death action, and the trial court erred in holding that the dramshop actions were precluded by the prior judgment in the wrongful death case.

2. Although the parties had been divorced, plaintiff Nanci Brannstrom was living with the decedent at the time of his death. Both her complaint and that of his parents allege injury by way of loss of support, society, companionship, aid and comfort. Further, both complaints allege that the death resulted in the inability of plaintiffs to secure repayment of loans made to the decedent. Giving a liberal construction to the words of the dramshop act, including the term "or other person" in reference to who may bring such an action, the plaintiffs are persons entitled to bring an action under the statute.

3. The present circumstances justify an exception to the "name and retain" requirement of the dramshop action, particularly since Tippman is retained as a defendant in the wrongful death action.

Reversed and remanded.

CYNAR, J., agreed that the dramshop actions were not barred by the judgments in the wrongful death action. He would hold, however, that the plaintiffs are not proper parties within the terms of the dramshop act. The parents may not recover any of the types of damages allowed in dramshop actions for death of their adult son, and the decedent's former wife's rights to support, inheritance, and consortium ended with her divorce. Further, the claims for money loaned are properly asserted against the estate in probate court, not as an element of damages under the dramshop act. He would affirm.

## OPINION OF THE COURT

1. ACTIONS — DRAMSHOP ACTIONS — WRONGFUL DEATH — PARTIES.

The personal representative in a wrongful death action is not a proper party to bring a dramshop action in respect to the deceased; rather, an action for loss of support or companionship under the dramshop act must be brought by the injured parties in their own names (MCL 436.22[5], 600.2922; MSA 18.993[5], 27A.2922).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM.

A motion for summary judgment for failure to state a claim upon

which relief can be granted tests the legal sufficiency of the claim on the basis of the pleadings alone; the motion may be granted only if the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. STATUTES — DRAMSHOP ACTIONS — JUDICIAL CONSTRUCTION.
The dramshop act is given a liberal construction.

4. PARTIES — DRAMSHOP ACTIONS — NAME AND RETAIN PROVISION.
Compliance with the "name and retain" provision of the dramshop act may be excused where the injured plaintiff has no direct cause of action against the alleged intoxicated person and where the circumstances suggest that there is no potential for collusion (MCL 436.22[5]; MSA 18.993[5]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, J.

5. DAMAGES — DRAMSHOP ACTIONS — PARENTS OF DECEDENT.
*Damages properly recoverable under the dramshop act include damages for loss of society, companionship, love and affection, loss of services, and mental anguish; the right to recover such damages has been limited to spouses, parents of minor children, and minor children; the parents of an adult decedent may not recover such damages for the death of their son.*

6. DAMAGES — DRAMSHOP ACTIONS — CLAIM FOR MONEY LOANED.
*A claim for money loaned to a decedent is a debt properly assertable against the estate in probate court; it is not a proper damage claim under the dramshop act.*

7. PARTIES — DRAMSHOP ACTIONS — DIVORCED SPOUSE.
*A decedent's former wife may not recover damages under the dramshop act where there is no indication that she has a legal right to support, inheritance, or consortium, having lost those rights by way of divorce.*

*George R. Phillips,* for Nanci Brannstrom.

*George R. Phillips* and *Barry B. George,* for James and Edith Brannstrom.

*Seward, Tally & Piggott, P.C.* (by *John W. Piggott),* for Edwin Kulka.

*Kaufman, Payton & Kallas* (by *Constantine N. Kallas),* for Clyde and Margaret Dexter.

Before: V. J. BRENNAN, P.J., and CYNAR and
E. F. OPPLIGER,* JJ.

PER CURIAM. On August 7, 1981, Delbert J.
Brannstrom was fatally injured when the motorcy-
cle he was driving collided with an automobile
operated by defendant Edward E. Tippman. These
appeals involve separate dramshop actions brought
by the decedent's ex-wife, Nanci Brannstrom (No.
75560), and by the decedent's parents, James and
Edith Brannstrom (No. 76825). Both complaints
allege that shortly before the accident occurred
the dramshop defendants illegally furnished intox-
icating liquor to defendant Tippman at a time
when Tippman was under the age of 21 years and
was visibly intoxicated. In both cases the trial
court granted the dramshop defendants' motions
for summary judgment under GCR 1963, 117.2(1).
Plaintiffs appealed in both cases and the matters
were consolidated.

Nanci Brannstrom originally filed an action
against the dramshop defendants on behalf of the
decedent's minor children. As personal representa-
tive of the decedent's estate, Nanci subsequently
filed a wrongful death action against defendant
Tippman. The trial court consolidated the cases
and apparently told trial counsel that it would
dismiss the suit on behalf of the children unless
the wrongful death complaint on behalf of the
estate was amended to add a claim against the
dramshop defendants. The wrongful death com-
plaint was amended in accordance with the court's
direction. The consolidated cases were then medi-
ated and the award was accepted. A judgment in
favor of the children was entered against the
dramshop defendants in the amount of $300,000,
and the action on behalf of the estate against the

* Circuit judge, sitting on the Court of Appeals by assignment.

dramshop defendants was dismissed with prejudice.[1]

The present actions were filed by Nanci and by the decedent's parents in their own names in July, 1983. The trial court granted summary judgment in favor of the dramshop defendants against Nanci on December 5, 1983, and against James and Edith Brannstrom on February 22, 1984.[2]

I

The first issue is whether the present dramshop actions are barred by the consent judgment entered in the wrongful death action on behalf of the estate. We answer that question in the negative.

The dramshop act provides in pertinent part:

"A wife, husband, child, parent, guardian, or other person injured in person, property, means of support, or otherwise, by a visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of intoxicating liquor to the person, if the sale is proven to be a proximate cause of the injury or death, shall have a right of action in his or her name against the person who by the selling, giving, or furnishing the liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the injury." MCL 436.22(5); MSA 18.993(5).

The wrongful death statute, MCL 600.2922; MSA 27A.2922, states in part:

---

[1] The estate's wrongful death action against defendant Tippman remained pending.

[2] Both orders were granted under GCR 1963, 117.2(1). The trial judge found that Nanci's complaint failed to state a claim because (1) as the decedent's ex-wife, she was not a proper plaintiff under the dramshop act, and (2) she had no cause of action against the alleged intoxicated person and therefore could not comply with the name and retain provision of the dramshop act. Summary judgment was granted against the decedent's parents on the ground that their claim was part of the estate's wrongful death action and was barred by the judgment in that case.

"(1) Whenever the death of a person or injuries resulting in death shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. All actions for such death, or injuries resulting in death, shall be brought only under this section.

"(2) Every such action shall be brought by, and in the names of, the personal representatives of such deceased person, * * *."

Defendants contend that because these actions arise out of the decedent's death, plaintiffs' dramshop claims should have been brought by the personal representative as part of the wrongful death action. However, in *O'Dowd v General Motors Corp*, 419 Mich 597; 358 NW2d 553 (1984), the Supreme Court held that the personal representative in a wrongful death action is not a proper party to bring a dramshop action. Rather, an action for loss of companionship or support under the dramshop act must be brought by the injured parties in their own names. *O'Dowd, supra,* p 605, fn 20. See, also, *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965). Therefore, the trial judge erred to the extent that he held that the present dramshop actions were precluded by the judgment in the prior wrongful death case.

II

The next issue is whether the decedent's ex-wife and parents have pled claims upon which relief

may be granted. A motion under GCR 1963, 117.2(1) tests the legal sufficiency of the claim and is determined by reference to the pleadings alone. The test is whether the claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Cramer v Metropolitan Savings Ass'n (Amended Opinion)*, 136 Mich App 387, 397; 357 NW2d 51 (1984).

Nanci's complaint alleged that, while she had divorced the decedent, at the time of his death they were living together as husband and wife, along with their children. Paragraph 18 alleges the following:

"That as a result of the death of Delbert J. Brannstrom, the plaintiff has been injured in her property, means of support or otherwise, which injuries include, but are not limited to, the loss of support, inheritance, society, companionship, consortium, aid and comfort of Delbert J. Brannstrom, as well as the sense of deprivation, grief, shock, and mental suffering * * *."

The parents' complaint alleges the following injuries:

"That as a result of the death of their son, the plaintiffs have been injured in their property, means of support or otherwise, which injuries include, but are not limited to, the loss of the society, companionship, aid and comfort of their son, the loss of their investment in his upbringing and the loss of his services, as well as the sense of deprivation, grief, shock, and mental suffering * * *."

Both complaints also allege that the death resulted in plaintiffs' inability to secure repayment of loans made to the decedent.

The dramshop provision quoted above creates a

cause of action in favor of a "wife, husband, parent, guardian *or other person* injured in person, property, means of support, *or otherwise* * * *". (Emphasis added.) The courts of this state have given a liberal construction to the words of the dramshop act, and the term "or other person" has been given a broad interpretation. *LaBlue v Specker,* 358 Mich 558, 568; 100 NW2d 445 (1960). In view of the liberal construction given to the dramshop act, we conclude that plaintiffs are persons entitled to bring an action under the statute and have sufficiently alleged that they were "injured in person, property, means of support, or otherwise".

## III

The next issue is whether plaintiffs' inability to retain the alleged intoxicated person would bar these actions. The name and retain provision of MCL 436.22(5); MSA 18.993(5) states:

"An action against a retailer, wholesaler, or anyone covered by this act or a surety, shall not be commenced unless the minor or the alleged intoxicated person is a named defendant in the action and is retained in the action until the litigation is concluded by trial or settlement."

The purpose of the provision is to prevent collusion between the plaintiff and the alleged intoxicated person. *Salas v Clements,* 399 Mich 103, 108-109; 247 NW2d 889 (1976). The Supreme Court and this Court have recognized that the provision should not be strictly enforced to produce "an unreasonable, unjust result, a result which is inconsistent with the purpose of the 'name and retain' amendment * * *". *Salas, supra,* p 109. Thus, compliance with the requirement has been

excused where the injured plaintiff has no cause of action against the alleged intoxicated person and where circumstances suggest there is no potential for collusion. See *Salas, supra;* Newman v Hoholik, 138 Mich App 66; 359 NW2d 253 (1984); *Schutz v Murphy,* 99 Mich App 386; 297 NW2d 676 (1980).

The trial court in granting summary judgment against Nanci Brannstrom stated that she had no direct cause of action against defendant Tippman. We express no opinion on that question.[3] Regardless of whether plaintiffs have individual causes of action against Tippman, he is a defendant in the wrongful death action arising out of the same accident, and both cases have been assigned to the same trial judge. We believe the potential for collusion in this lawsuit is negated by Tippman's retention in the wrongful death action. We therefore hold that, in the event defendant Tipman is dismissed from these actions on the ground that plaintiffs have no causes of action against him, plaintiffs' dramshop actions shall not be precluded because of their inability to comply with the name and retain provision as long as Tippman is retained as a defendant in the wrongful death action. We believe the present circumstances justify such an exception to the name and retain provision, and that a contrary rule would work an unreasonable and unjust result.

IV

With regard to plaintiff's motion to strike portions of defendant Kulka's appellate brief and supplemental brief, we grant the motion. We also grant plaintiff's request for costs and deny the request for attorney fees incurred in bringing the motion to strike.

---

[3] Tippman was named as a defendant in both complaints and he has not yet been dismissed from either action.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, J.

We conclude that summary judgment was incorrectly granted. Plaintiffs are entitled to present proofs as to the damages allegedly suffered by them.

Reversed and remanded for trial. We do not retain jurisdiction.

CYNAR, J. *(concurring in part; dissenting in part)*. I agree with the majority that the personal representative of the decedent's estate could not bring the dramshop action because the estate is not a proper party. *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965). Therefore I concur with the majority's conclusion that the dramshop actions were not barred by the settlement of the wrongful death claims brought on behalf of the minor children and the estate.

I must disagree with the majority's conclusion that plaintiffs, the divorced wife of decedent and the parents, are injured parties within the terms of the dramshop act. In the present case, the decedent's parents alleged that, as a result of the unlawful furnishing of alcohol to defendant Tippman which was a proximate cause of their son's death, they were injured in their property, means of support or otherwise. Specifically, they alleged as injuries: loss of society, companionship and comfort; loss of investment in decedent's upbringing; loss of services; a sense of deprivation, grief, shock and mental suffering; and a loss of income since the decedent was indebted to them on account of monies they had loaned him.

Damages properly recoverable under the dramshop act inlcude damages for: loss of society, companionship, love and affection, *Matson v Soronen,* 57 Mich App 190; 226 NW2d 52 (1974), *lv den* 394 Mich 762 (1975); loss of services, *Berger v Weber,*

411 Mich 1; 303 NW2d 424 (1981); and mental anguish, *Johnson v Grondin,* 170 Mich 447; 136 NW 423 (1912). Under the foregoing cases, however, the right to recover such damages under the dramshop act has been limited to spouses, parents of minor children, and minor children. Because the decedent in the present case was an adult, as a matter of law, plaintiff parents may not recover the above-described damages for the death of their son.

The parents also alleged as damages a loss of income because the decedent was indebted to them on account of monies loaned. However, a claim for monies loaned is an unsecured debt properly assertable against the estate in probate court. MCL 700.701; MSA 27.5701. I do not believe this is a proper damage claim under the dramshop act.

Because the parents have not alleged any damages which are properly awardable, the parents have failed to state a claim upon which relief can be granted. GCR 1963, 117.2(1). This Court will not reverse a lower court's decision where the lower court reached the right results, albeit for the wrong reason. *Albro v Total Petroleum, Inc,* 108 Mich App 1, 4; 310 NW2d 252 (1981), *lv den* 413 Mich 870 (1982).

I similarly conclude that the other plaintiff, the decedent's former wife, cannot recover under the dramshop act. She alleged that she lost support, inheritance, consortium and the repayment of an unsecured debt as a result of decedent's death. There is no indication that plaintiff has a legal right to support or inheritance; she had been divorced from the decedent. Furthermore, I know of no right to consortium after divorce. Plaintiff has no right to compensation for these things. These rights ended with her divorce from the decedent.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY CYNAR, J.

I believe it is error to attempt to compensate the plaintiffs for their losses in this case. It is clear that a tragedy occurred here, but it we choose to allow the parties to recover, how can we deny recovery to similarly aggrieved friends and distant relations if they were to choose to bring an action? I believe the plaintiffs' claims in this case were properly denied by the trial court. Summary judgment was proper. I would affirm.