HERRON v BIGGIES WOLF DEN, INC

Docket No. 165772. Submitted August 24, 1993, at Lansing. Decided September 21, 1993, at 9:00 A.M.

Terry Herron, as next friend of Richard and Alicia Herron, and Gregory Herron, as personal representative of the estate of Gary Herron, brought an action in the Lake Circuit Court against Everett A. Howell, Biggies Wolf Den, Inc., and Joyce's Bar, seeking damages in the death of Gary Herron. Plaintiffs alleged that Gary Herron died as a result of a gunshot wound inflicted by Howell as a result of intoxication caused by his being served alcoholic beverages while intoxicated at Biggies Wolf Den and Joyce's Bar. Plaintiff Terry Herron brought claims under the dramshop act, and plaintiff Gregory Herron brought claims pursuant to the wrongful death act. The court, Richard I. Cooper, J., granted partial summary disposition for defendant Biggies Wolf Den with respect to the claim brought pursuant to the wrongful death act and dismissed the claims of Gregory Herron against the dramshop defendants. The plaintiffs sought leave to appeal the order of partial summary disposition. The Court of Appeals, in lieu of granting leave, issued a peremptory opinion.

The Court of Appeals *held:*

The trial court erred in holding that the dramshop act precluded the personal representative of the decedent's estate from pursuing a claim for the damages that the decedent could have sought under the dramshop act had he survived. The dramshop act allows the personal representative to bring a wrongful death action based on the dramshop act under the circumstances of this case.

Reversed.

INTOXICATING LIQUORS — DRAMSHOP ACT — WRONGFUL DEATH ACT — PERSONAL REPRESENTATIVES — STANDING.

A personal representative of a decedent's estate may bring a

REFERENCES

Am Jur 2d, Death §§ 39, 40; Intoxicating Liquors §§ 553-556, 561-565, 592.

Tavernkeeper's liability to patron for third person's assault. 43 ALR4th 281.

wrongful death action based on the dramshop act where the damages sought against the dramshop defendant are those that the decedent could have sought under the dramshop act had the decedent survived (MCL 436.22; MSA 18.993).

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for the plaintiffs.

*Sullivan, Crowley & Smith, P.C.* (by *Randy H. Smith*), for the defendant.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and MARILYN KELLY, JJ.

PER CURIAM. Plaintiffs seek leave to appeal a portion of a Lake Circuit Court order granting partial summary disposition to defendant Biggies Wolf Den, Inc., and dismissing the claim of the personal representative of the decedent's estate under the dramshop act. In lieu of granting leave, and in light of the frequency with which this issue is likely to arise in the lower courts, we elect to resolve this issue by peremptory opinion and reverse the order of partial summary disposition. *Kerby v Judges' Retirement Bd of Michigan,* 166 Mich App 302; 420 NW2d 195 (1988).

Plaintiffs allege that the decedent, Gary Herron, died when a shotgun was discharged by defendant Howell. Plaintiffs further allege that before the incident Howell had been served alcoholic beverages while visibly intoxicated on the premises of defendants Biggies Wolf Den and Joyce's Bar. Plaintiff Terry Herron, acting as next friend of decedent's minor children, brought claims under the dramshop act, MCL 436.22(4); MSA 18.993(4). Plaintiff Gregory Herron, as personal representative of decedent's estate, made claims pursuant to the wrongful death act, MCL 600.2922; MSA 27A.2922.

Biggies Wolf Den filed a motion for partial summary disposition, claiming, in part, that the personal representative of the estate was not a proper party to the dramshop action. In an opinion and order dated March 19, 1993, the circuit court agreed for the following reasons:

> IT IS FURTHER THE OPINION OF THE COURT that the Dramshop Act, MCL 436.22(4) is more specific than the Wrongful Death Act, MCL 600.2922 insofar as the provisions of the Dramshop Act are more limited in terms of who has a right to pursue an action and it is further the opinion of the Court that the dramshop statutory provisions are controlling in this action and therefore, it is the Order of the Court that the claims made by Gregory Herron, as Personal Representative of the Estate of Gary Herron, Deceased, be and are dismissed with prejudice against the dramshop Defendants, including the Defendant Biggies Wolf Den, Inc., so Defendant Biggie's motion for partial summary disposition is GRANTED for the reasons stated herein and for the reasons further set forth on the record.

The circuit court denied plaintiffs' motion for rehearing or reconsideration on June 7, 1993.

Plaintiffs applied for leave to appeal, arguing that the circuit court erred in dismissing the personal representative of the estate under the facts of this case. We agree and reverse.

MCL 436.22; MSA 18.993 provides in part:

> (4) Except as otherwise provided in this section, an individual who suffers damage or is personally injured by a minor or visibly intoxicated person by reason of the unlawful selling, giving, or furnishing of alcoholic liquor to the minor or visibly intoxicated person, if the unlawful sale is proven to be a proximate cause of the damage, injury, or death, or the spouse, child, parent, or guardian of

that individual, shall have a right of action in his or her name against the person who by selling, giving, or furnishing the alcoholic liquor has caused or contributed to the intoxication of the person or who has caused or contributed to the damage, injury, or death. In an action pursuant to this section, the plaintiff shall have the right to recover actual damages in the sum of not less than $50.00 in each case in which the court or jury determines that intoxication was a proximate cause of the damage, injury, or death.

(5) An action under this section shall be instituted within 2 years after the injury or death. . . . In the event of the death of either party, the right of action under this section shall survive to or against his or her personal representative. . . .

\* \* \*

(11) This section provides the exclusive remedy for money damages against a licensee arising out of the selling, giving, or furnishing of alcoholic liquor.

(12) Except as otherwise provided for under this section and section 22h [MCL 436.22h; MSA 18.993(8)], a civil action under subsection (4) against a retail licensee shall be subject to the revised judicature act of 1961. . . .

Plaintiffs argue that because the decedent would have been entitled to bring a dramshop action pursuant to subsection 4 if he had lived and because his right of action survives and may be brought by a personal representative pursuant to subsection 5, the circuit court erred in dismissing the personal representative's claim. Defendant Biggies responds that this Court has held "that the personal representative in a wrongful death action is not a proper party to bring a dramshop action." See *Brannstrom v Tippman,* 141 Mich App 664, 669; 367 NW2d 902 (1985).

We agree with plaintiffs that the statute allows the personal representative to bring a wrongful

death action based on the dramshop act under the circumstances of this case. We find *Brannstrom* distinguishable, inasmuch as the question there presented was whether dramshop actions brought in the name of individuals enumerated in the dramshop act were barred by a consent judgment entered in the wrongful death action on behalf of the estate. This Court answered that question in the negative, because injured parties may bring actions in their own name under the dramshop act, which provides a cause of action separate and distinct from a wrongful death action.

More importantly, the decision in *Brannstrom* is based on a footnote in *O'Dowd v General Motors Corp,* 419 Mich 597, 605, n 20; 358 NW2d 553 (1984), which in turn is based on the decision in *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383; 134 NW2d 713 (1965). In *Bourrie,* the plaintiff's decedent was allegedly intoxicated when he was served alcoholic beverages by the defendant bar owners. He was killed later that evening when his car overturned while he was driving. The plaintiff claimed that the wrongful serving of alcoholic beverages was a proximate cause of the death. Under the facts of that case, the Supreme Court held that "the personal representative of the decedent is not a proper party plaintiff" to the dramshop action. *Id.* at 389. Although this statement in *Bourrie* could be read as holding that the personal representative of a decedent is never a proper party plaintiff to a dramshop action, we believe that the Supreme Court meant only to hold that the personal representative of the decedent in *Bourrie* was not a proper party plaintiff to that dramshop action. The decedent in *Bourrie* was not "an individual who suffers damage or is personally injured by a minor or visibly intoxicated person," but rather was himself

the visibly intoxicated person improperly furnished with alcohol. In this regard, we agree with the majority opinion in *Robertson v Devereaux*, 32 Mich App 85, 91-92; 188 NW2d 209 (1971), and the opinion of Judge BRENNAN in *Walling v Allstate Ins Co*, 183 Mich App 731, 738; 455 NW2d 736 (1990).

Accordingly, we reverse the circuit court's order granting partial summary disposition to defendant Biggies and dismissing the personal representative's wrongful death claim predicated on the dramshop act. We retain no further jurisdiction.